321 So.2d 687

**R. R. McLARTY**

v.

**Armon WRIGHT.**

Civ. 573.

Court of Civil Appeals of Alabama.

Oct. 29, 1975.

---

Beck & Beck, Fort Payne, for appellant.

John C. Wear, Scruggs, Rains & Wilson, Fort Payne, for appellee.

BRADLEY, Judge.

Plaintiff commenced this action on August 29, 1973 by filing a complaint in the Circuit Court of DeKalb County alleging that defendant had breached an agreement whereby the two parties were to establish a new textile manufacturing plant together. According to plaintiff, the terms of the agreement provided that he and defendant were to put up an initial capital investment of $4,000 each, and plaintiff was to manage and operate the firm. The agreement allegedly contemplated that the business would be incorporated as the "DeKalb Textile Mill, Inc.," and each party would receive fifty percent of the stock.

Plaintiff further alleged that, after the business had become a going concern, defendant breached the agreement by refusing to incorporate and by dismissing plaintiff from his duties at the plant and ordering him off the premises.

Defendant denied the allegations of the complaint. Trial by jury was held on December 11, 1974.

The major factual disputes were whether the venture was making a profit or incurring losses at the time of plaintiff's dismissal, and whether the defendant was acting personally or as agent for W. B. Davis Hosiery Sales, Inc. when he entered into the agreement with plaintiff. The jury found all of the issues for plaintiff and returned a verdict that defendant was personally liable in the amount of $8,500. Defendant appeals.

Defendant's first assignment of error is that his objection to plaintiff's evidence that the venture was profitable was improperly overruled. Defendant contends that profitability is not a material issue in this case because plaintiff did not plead lost profits as a matter of special damages in the complaint.

It does not appear that the testimony was offered for the purpose of supporting a claim for lost profits. There is no claim for such profits in the pleadings, and there was no evidence offered whereby a jury might be expected to compute the amount of lost profits. It is, on the other hand, clear that plaintiff's claim for breach of contract included allegations that his dismissal from the management of the DeKalb Textile business was unjustified. Whether or not the business was earning money under plaintiff's management is rel-

evant and material to that allegation. If evidence objected to on specific grounds is admissible on any grounds, the trial court will not be put in error for overruling the objection, *Martin v. Hill*, 42 Ala. 275.

■ Defendant next cites error in the trial court's denial of his motions for directed verdict and for judgment notwithstanding the verdict. Both of these motions test the sufficiency of the evidence in the same way, see Committee Comment to ARCP, Rule 50. Neither should be granted if there is any conflict in the evidence for the jury to resolve, and the existence of such a conflict is to be determined by applying the scintilla rule. Defendant based his motions on what he claimed was an absence of evidence that he, rather than W. B. Davis Hosiery Sales, Inc., was personally obligated by the terms of the agreement to incorporate.

The only evidence that defendant had personally entered into the agreement was plaintiff's testimony on direct examination. On cross-examination plaintiff put forth the seemingly contradictory testimony that W. B. Davis Hosiery Sales had put up the initial $4,000, paid in additional operating money, and appeared on the proposed certificate of incorporation as a fifty percent shareholder. This incongruity in testimony was not explained or clarified.

■ Unexplained contradictions in a witness' testimony do not cancel out the matter contradicted or justify its exclusion, but go instead to the weight of the testimony, *Bohanan v. Dodd*, 7 Ala.App. 220, 60 So. 955. Of course, the net effect of inconsistent testimony may be a diminution of the witness' overall credibility, but this is to be determined by the jury. The scintilla of evidence offered by plaintiff was not wiped out by his later apparent contradiction of it, and there is no error in denying these motions.

■ Defendant further assigns as error the denial of two requested jury instructions. Both of these instructions inferred that there was no evidence to support a verdict for plaintiff. As we have just discussed, such an inference is incorrect. Had the court given either of the requested instructions, it would have invaded the province of the jury. A charge should be refused if it assumes the existence or denial of facts with reference to which the evidence is in conflict. *Alabama Dry Dock & Shipbuilding Co. v. Bates,* 33 Ala. App. 81, 30 So.2d 273. There is no error in the refusal to give these charges.

■ Defendant further argues that the verdict should be set aside because it is contrary to one of the given instructions. It is true that a verdict conflicting with an instruction will ordinarily be set aside, notwithstanding the instruction is erroneous, *Talley v. Whitlock*, 199 Ala. 28, 73 So. 976. However, the verdict in the present case does not conflict with the given charge, but is perfectly consistent with it: the judge stated, in hypothetical form, a possible conclusion to be drawn from the evidence, and then instructed the jury that the law of the case required a verdict for defendant if the jury believed the evidence supported the hypothetical conclusion. The jury, deciding for plaintiff, obviously rejected the posed conclusion, thus exercising their option to reject it.

Defendant assigns as error the given instruction relating to the validity of oral contracts. Defendant asserts that there is no evidence that the agreement to incorporate could be performed within one year, and thus it is voided by the statute of frauds.

■ To come within the statute of frauds, the contract must be, by its terms, incapable of performance within a year. *Land v. Cooper,* 250 Ala. 271, 34 So.2d 313. There was considerable testimony by both parties as to the terms of this oral contract. It was a contract to initiate a business and to incorporate it. The first part of the agreement was executed, within a

year; performance of the latter part within a year would have been accomplished but for defendant's refusal to perform. The contract was clearly capable of performance within a year, and is not defeated by the lack of a signed writing.

Defendant's brief indicates that he feels the contract could not be performed within a year because the corporation would have been an ongoing enterprise. This argument suggests an agreement other than the one sued upon. The contract in this case contemplated the act of incorporation. This would be accomplished by filing appropriate papers. However those papers were never filed. After the corporation came into being, its future would be determined by the law of corporations, largely statutory, and not by the terms of this contract.

Finally, defendant's brief contains several propositions of law which consist of citations to several cases dealing with partnerships. It is perhaps a credible argument that the defective formation of a business association, falling short of the formality required for a de jure or de facto corporation, makes the associates partners with regard to each other. However, the record reveals that this issue was not before the trial court, and thus cannot be presented now on appeal, Alabama Digest, *Appeal and Error,* § 169. Plaintiff's cause of action in the instant case flows from the failure to effectively create a business relationship, not from any liabilities incurred as a consequence of such a relationship.

There being no error in the record, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.