360 So.2d 942 (1978)
Kenneth HANSON
v.
Elton COUCH and Moore Business Forms, Inc.
SC 2619.
Supreme Court of Alabama.
June 16, 1978.
Rehearing Denied July 14, 1978.
*943 Charles Y. Boyd, of Rhea, Boyd & Pitts, Gadsden, for appellant.
Eugene D. Martenson, of Huie, Fernambucq, Stewart & Smith, Birmingham, for appellees.
PER CURIAM.
This is an appeal by Kenneth Hanson from a judgment entered in favor of defendants Elton Couch and Moore Business Forms, Inc., pursuant to an order of the trial court granting defendants' motion for judgment notwithstanding the verdict.
Hanson filed suit against Couch and Moore Business Forms seeking damages for malicious prosecution. The complaint alleged that Couch, acting as an agent of Moore Business Forms, caused a warrant to issue against Hanson for the malicious destruction of private property; that the case was "no billed" by the grand jury; and that the action was commenced and prosecuted by defendants maliciously and without probable cause. Couch and Moore Business Forms answered generally, denying the allegations of the complaint.
Trial was before a jury and at the conclusion of the evidence Couch and Moore Business Forms moved for a directed verdict. The motion was denied, the case went to the jury, and a verdict was returned in favor of Hanson in the amount of $75,000.
*944 Thereafter Couch and Moore Business Forms filed motion for judgment notwithstanding the verdict or, in the alternative, new trial. The trial court granted judgment notwithstanding the verdict, stating in its order:
"The Court finds that there were no disputed facts in this case and that all facts were presented to the attorneys for advice prior to initiating criminal action against plaintiff. The law is that full disclosure of the facts to an attorney and reliance on advice from him negates want of probable cause. Lewis v. Dothan Drug, 247 Ala. 279 [24 So.2d 119]; Bell v. Seals Piano & Organ Co., 201 Ala. 428 [78 So. 806]; Crimm v. Crimm, 39 Ala.App. 413 [101 So.2d 845].
"Where the facts are undisputed, and in this case consisted of a film which was viewed, the question of probable cause is to be determined by the Court.

"Roughton v. Jackson, 33 [37] Ala.App. 17 [64 So.2d 112]. The Court so determines there was probable cause from viewing the film.
"It is ORDERED that said motion of defendants be, and it hereby is granted; and judgment heretofore entered in favor of the plaintiff and against the defendants is hereby vacated and set aside.
"It is further ORDERED the judgment for defendants shall be entered by the Clerk."
From the entry of that judgment, Hanson perfected this appeal. Couch and Moore Business Forms filed a cross appeal, challenging the trial court's failure to rule on their alternative motion for new trial.
This action arose from a prolonged labor dispute between Moore Business Forms and its employees. Hanson, an employee of Moore Business Forms, was considered a spokesman for the striking employees. The incident which led to the issuance of the warrant occurred on the morning of March 28, 1974, when a tractor-trailer truck owned by Moore Business Forms tried to deliver products at its Heflin, Alabama, plant site where a picket line had been set up by the striking employees. On this occasion air hoses and electrical cables between the tractor and trailer were cut. Some of the events were filmed by a cameraman hired by Moore Business Forms.
The dispositive question on this appeal is whether the trial court erred by entering the order granting judgment notwithstanding the verdict in favor of the defendants Couch and Moore Business Forms.
A motion for judgment notwithstanding the verdict tests the sufficiency of the evidence in the same way as does the motion for directed verdict at the close of all the evidence. Ala.R.Civ.P. 50, Committee Comments. Granting the motion for judgment notwithstanding the verdict says, without weighing the credibility of the evidence, there can be but one reasonable conclusion from the evidence as to the proper judgment. 5A Moore's Federal Practice ¶ 50.07[2], at p. 50-76.
When reviewing the propriety of a trial court's order granting a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party who secured the jury verdict. Spurlin v. General Motors Corp., 528 F.2d 612 (5th Cir. 1976); White v. Packer, 345 So.2d 312 (Ala.Civ.App.1977). See Justice Maddox's dissent in Bethune v. City of Mountain Brook, 336 So.2d 148, at p. 151 (Ala.1976). Such motion should be denied if there is any conflict in the evidence for the jury to resolve and the existence of such conflict is to be determined by the scintilla rule. White v. Packer, supra; McLarty v. Wright, 56 Ala.App. 346, 321 So.2d 687 (1975).
With these principles in mind, we proceed to address the following questions raised on appeal:
1. Did the trial court err in finding reliance on advice of counsel a complete defense; and
2. Did the trial court err in ruling on the question of probable cause as a matter of law?
We answer both questions in the negative and therefore affirm the decision of the *945 trial court for the reasons hereinafter discussed.

I

Advice of Counsel
It is well settled in this state that advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause for legal action and is a complete defense to an action for malicious prosecution. Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969); Broussard v. Brown, 353 So.2d 804 (Ala.Civ.App.1978). To prevail on this defense, it must be shown factually that the attorney's advice was given on a full and fair statement of all the facts and circumstances known to the prosecutor, in this instance, Couch. Birwood Paper Co. v. Damsky, supra; Broussard v. Brown, supra.
A review of the record shows that Couch sought the advice of two attorneys employed by Moore Business Forms prior to initiating the criminal action against Hanson. Couch testified that both attorneys "had viewed the film and the evidence and made this decision" that Couch had just cause to swear out the warrant against Hanson. The attorneys themselves testified that they viewed the film several times and researched the legal issues involved before advising Couch concerning the warrant. One attorney further testified that he consulted with Couch concerning Hanson's conduct during the time of the cutting of the air hoses and talked personally with witnesses who later testified at the trial of this cause about the events in question prior to giving his advice to Couch.
Thus we believe that the evidence clearly shows that Couch provided his attorneys with the relevant facts of which he had knowledge concerning the hose-cutting incident leading to the warrant.

II

Probable Cause
Hanson secondly contends that the trial court committed reversible error in finding the evidence on the issue of probable cause undisputed and determining, as a matter of law, that probable cause arose from viewing the film. Therefore, on this aspect of the appeal, we focus primarily on whether the trial court could rule on the issue of probable cause as a matter of law.
Probable cause, as the term is used in malicious prosecution actions, is defined as:
"`. . . such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.'"
Birwood Paper Co. v. Damsky, supra, 285 Ala. at p. 134, 229 So.2d at p. 521. Consequently, this court has found that the question in an action for malicious prosecution arising from a criminal charge is whether the defendant, at the time he instituted the prosecution, had probable cause to believe that the accused was guilty. S. S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977); Gulsby v. Louisville & Nashville R.R. Co., 167 Ala. 122, 52 So. 392 (1910).
In Key v. Dozier, 252 Ala. 631, 634, 42 So.2d 254, 256 (1949), this court said:
". . . [I]f the facts on the issue of probable cause are not in dispute, whether such facts amount to probable cause is a question of law for the court. . . . But it is equally true that if the facts or any necessary particular fact on the issue of probable cause is in dispute, then there must be a submission to the jury to find the facts." (Citations omitted.)
Thus, the issue raised here is whether material facts showing the existence of probable cause at the time of the institution of criminal proceedings by Couch against Hanson were in dispute so as to require a determination by the trier of facts, the jury. We think not. The film established probable cause for the issuance of the warrant. We therefore find that the trial court could properly rule as a matter of law that the proof in the present case showed probable cause at the time of the decision to swear out the warrant against Hanson.
*946 For the reasons stated above, we think the evidence in this action on both issues raised was so conclusive as to allow the trial court to set aside the verdict of the jury and substitute its own judgment in lieu thereof. Accordingly, the judgment in favor of Couch and Moore Business Forms entered pursuant to the order granting their motion for judgment notwithstanding the verdict is affirmed.

The Cross Appeal
According to Rule 50(c)(1), Alabama Rules of Civil Procedure, if a motion for judgment notwithstanding the verdict is granted:
". . . the [trial] court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. . . ."
As is evident by the trial court's order set forth earlier in this opinion, the trial court failed or declined to rule on the defendants' alternative motion for new trial. Where the trial court has failed to rule on the motion for a new trial, one alternative is to remand the case in order for the trial court to make such a ruling. White v. Packer, supra. However, in light of the decision herein reached, we see no useful purpose to be accomplished by such action in this case.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH and MADDOX, JJ., concur.
ALMON, J., concurs specially, with whom SHORES, J., joins.
EMBRY, J., dissents, with whom FAULKNER, JONES and BEATTY, JJ., join.
ALMON, Justice (concurring specially):
I concur in Part II of the opinion and in the result of the case.
SHORES, J., concurs.
EMBRY, Justice (dissenting):
I respectfully dissent.

Advice of Counsel
It is well settled in this state that advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause for legal action and is a complete defense to an action for malicious prosecution. Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969); Broussard v. Brown, 353 So.2d 804 (Ala.Civ. App.1978). To prevail on this defense, it must be shown factually that the attorney's advice was given on a full and fair statement of all the facts and circumstances known to the prosecutor, in this instance, Couch. Birwood Paper Co., supra; Broussard, supra.
Hanson challenges the trial court's finding that all facts were presented to the attorneys resorted to by Couch for advice prior to initiating the criminal action against Hanson. He contends the record contains evidence which conflicts with the trial court's finding; and he cites Couch's testimony as an example of such. I agree.
Couch testified that after the air hose cutting incident, he sought the advice of two attorneys employed by Moore Business Forms and was advised by both that he had just cause to swear out the warrant against Hanson. However, Couch further testified he did not go over with the attorneys the facts about what he did, or did not, see on the occasion on which the warrant was based. The following is an excerpt from Couch's testimony to this effect:
"Q. Now, did you go over these facts, as you have related to us today, about who you saw out there, and what you did or did not see?
"A. No.
"Q. Oh, you didn't relate that to the attorneys?
"A. He saw the film just like we did; he viewed the film.
"Q. Then, are you telling us this whole warrant was sworn out just on that film?

*947 "A. Yeah."
I find Couch's testimony sufficient, under the scintilla rule, to create a question for the jury and sufficient to support its verdict. Prior cases of this court have long held "* * * whether a full and fair statement of the facts was made to counsel, is usually one for the jury. * * *" Abingdon Mills v. Grogan, 175 Ala. 247, 57 So. 42 (1911). The reason for the rule was aptly stated by the Court of Appeals in Alabama Dry Dock & Shipbuilding Co. v. Bates, 33 Ala.App. 81, 30 So.2d 273 (1947):
"This is indeed a sound and reasonable rule. Should the jury be deprived of passing on this matter, the defense of `advice of counsel' could be made an unfair and unfounded excuse for unwarranted prosecutions."
Finding, as I do, that this was a proper jury question and the verdict supported by evidence, I say, the trial court erred in finding that all the facts were presented to the attorneys.

Probable Cause
Hanson contends the trial court committed reversible error in finding the evidence on the issue of probable cause undisputed and determining, as a matter of law, there was probable cause from viewing the film.
Probable cause, as used in malicious prosecution actions, is defined as:
"` * * * such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.' * * *" Birwood Paper Co. v. Damsky, supra.
On this aspect of the appeal, I focus primarily on whether the trial court could rule on the question of probable cause as a matter of law.
In S. S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977), this court said:
"Where evidence of the lack of probable cause is presented by plaintiff and the facts of the case are not in dispute, a question of law is presented to be decided by the court. (citations omitted). However, where the material facts are disputed, the issue of probable cause must go to the jury. (citations omitted) * * *" (emphasis added)
Thus, the issue raised is whether material facts showing the existence of probable cause were in dispute so as to require a determination by the trier of facts, the jury. I think so.
Ever mindful that we search only for a scintilla of evidence in support of the theory of the complaint to sustain the jury verdict, I do not think the trial court could properly rule, as a matter of law, the proof in the instant action showed probable cause.
The trial court was of the opinion the film, in and of itself, established probable cause. However, this does not negative the existence of disputed facts on this issue. Again I resort to the testimony of the prosecutor, Couch, who viewed the film. Couch gives this account of the content of the film:
"Q. Did Mr. Hanson appear in that film?
"A. He did.
"Q. Did that film show him doing anything with those hoses?
"A. No.
"Q. It did not?
"A. (Witness shakes head from side to side)
"Q. Did it show him touching those air hoses?
"A. No, not that I could tell.
"Q. Well, did it show him climbing up on the back of that truck?
"A. No.
"Q. Did it show him with a knife?
"A. No.
"Q. Well, did it show him doing anything to that truck?
"A. It showed him being in a position.
"Q. It showed him in a position?
"A. Between the truck and trailer, or tractor and trailer.
"Q. Now, what do you mean by position?
"A. He was walking along between the tractor and trailer.

*948 "Q. Well, now, who else does it show out there at the scene?
"A. At the scene?
"Q. Yeah, around that tractor?
"A. It showed a number of people.
"Q. About how many people?
"A. I guess about twelve or fifteen.
"Q. Well, did any of these people walk along between the tractor and the trailer?
"A. Nobody except Mr. Hanson.
"Q. He is the only one that walked out there?
"A. That is correct.
"Q. Where were the rest of the people?
"A. There were on the other side of the tractor.
"Q. Does this film show him reach out and grab a hose, or reach out and cut a hose, or anything?
"A. No."
Add to this Hanson's testimony:
"Q. Did you ever do any damage to any electrical _ _ _ I mean, any kind of cables, or anything out there?
"A. No, sir, I didn't.
"Q. Did you ever touch those cables?
"A. No, sir.
"Q. Now, did you ever have a knife out there?
"A. No, sir."
Considering this evidence I conclude the trial court erred in ruling, as a matter of law, there was probable cause after the jury had found otherwise. That erroneous ruling precluded Hanson from relitigating one of the essential elements of his cause of action: probable cause.
For the reasons stated above, I do not think the evidence in this action, on either issue raised, was so conclusive as to allow the trial court to set aside the verdict of the jury, and, in place thereof, substitute its own judgment. I would reverse and remand.

The Cross Appeal
In view of the majority opinion I need not address the questions presented by the cross appeal.
FAULKNER, JONES and BEATTY, JJ., concur.