In Harville's brief this statement appears: "The outcome of this case before this Court turns on whether Alabama actually has a scintilla rule, or whether this state has the substantial evidence rule and calls it a scintilla rule."
The scintilla rule permits a case on motion for a directed verdict, to go to the jury where there is a scintilla of evidence to support the theory of the complaint. Perdue v.Mitchell, 373 So.2d 650 (Ala. 1979). But, when a motion for judgment notwithstanding the verdict is filed, the trial judge must determine whether there is sufficient evidence to supportthe jury verdict. The motion for JNOV preserves appellate review of the sufficiency of the evidence. The Great Atlantaand Pacific Tea Company, Inc. v. Sealy, 374 So.2d 877 (Ala. 1979). For a party to be entitled to a JNOV, he must have made a motion for a directed verdict. A motion for JNOV without having moved for a directed verdict at the proper time will be denied. 9 C. Wright A. Miller, Federal Practice and Procedure
§ 2537 (1971). See also The Great Atlantic and Pacific TeaCompany, Inc. v. Sealy.
In the case before us, Goza moved for a directed verdict at the close of the evidence. The motion was denied and the case went to the jury under the scintilla rule. After the jury's verdict, Goza moved for a JNOV on the ground that the evidence was insufficient to support the verdict awarding *Page 989 
plaintiffs $32,500.00 damages in a suit for an accounting.
We, without setting it out, have reviewed the evidence as to its sufficiency to support the verdict. We find it to be insufficient. So, returning to square-one of Harville's statement, we have two standards of review, one for motions for directed verdict, the other for motions for JNOV.
The order of the trial court granting the motion for JNOV is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON and ADAMS, JJ., concur.
EMBRY, J., concurs specially.