This is a statutory ejectment action filed by Keith and Betty Groom against Jerrell and Omi Joyce Reynolds to recover a tract of land containing approximately three acres of farmland in Coffee County, Alabama. The action arises out of a boundary dispute between owners receiving their property from common grantors. The deeds from the common grantors contain conflicting property descriptions, one by plat and the other by natural monuments. The disputed three acres lies between a plat line and one of these natural monuments, the Alto McIntosh Road. The jury returned a verdict for the Grooms finding the plat description to contain the true boundary. The trial court granted the Reynoldses' motion for judgment notwithstanding the verdict, and, in the alternative, granted their motion for new trial as allowed under Rule 50, ARCP. The Grooms appeal, contending the jury verdict is supported by the evidence.
On November 22, 1976, John LeCompte and his wife, Martha, the common grantors, executed a deed conveying the following described property to the Reynoldses:
 All that part of the SW 1/4 of the NE 1/4, Section 15, Township 3 North, Range 21 East lying east of the Alto McIntosh Road. Said property being bounded on the East by lands of Onyx LeCompte, on the North by James Kyser property, on the West by Alto McIntosh Road, and on the South by the LeCompte Road, a paved road. Less and except one acre heretofore conveyed by Grantors to Grantees in 1962, and one acre consisting of the dwelling house of the Grantors. Said tract containing in all 18 acres, more or less. [Emphasis added.] *Page 691 
Several years later the LeComptes conveyed the remainder of their farm property, which adjoined that conveyed to the Reynoldses, to the Grooms. Executed on July 2, 1979, this deed contained in part the following relevant property description:
 N 1/2 of NE 1/4, SE 1/4 of NE 1/4, Section 16, S 1/2 of NW 1/4, W 1/2 of SW 1/4 of N E 1/4 and the NW 1/4 of NW 1/4 less 10 acres on the east side thereof in Section 15, all in T3, R21, situated, lying and being in the County of Coffee and State of Alabama.
 LESS AND EXCEPT: All that part of the SW 1/4 of NE 1/4, Section 15, Township 3 North, Range 21 East, lying east of the Alto McIntosh Road, and containing 18 acres, more or less. Said property being bounded on the East by lands of Onyx LeCompte, on the North by James Kyser property, on the West by Alto McIntosh Road, and on the South by the LeCompte Road, a paved road. Less and except one acre heretofore conveyed by Grantors to Grantees in 1962, and one acre consisting of the dwelling house of the Grantors. Said tract containing in all 18 acres, more or less. [Emphasis added.]
The "less and except" clause in the Groom deed simply restates the property description contained in the Reynolds deed.
The SW 1/4 of the NE 1/4, Section 15 described in the Reynolds deed and the S 1/2 of the NW 1/4, Section 15 described in the Groom deed are adjacent parcels of land separated by a straight plat line running North and South. The Alto McIntosh Road, described in both of the deeds, overlaps this plat line at its southern end, but it deviates from the plat line as it proceeds north, thereby cutting into the eastern portion of the Groom parcel. It is this severed portion that the Grooms seek to recover in this ejectment action. (See map, Appendix I.)
This Court recently held that, when a deed contains conflicting property descriptions, parol evidence is admissible to ascertain which description the parties intended to adopt.Campbell v. Carl, 395 So.2d 480 (Ala. 1981). The parol evidence in this case is in conflict. One of the common grantors, Martha LeCompte, testified that she only intended to convey to the Reynoldses the property contained in the plat description. Yet, Wynelle Lassetter, an employee of the Department of Agriculture, testified to the opposite effect. She said that Jerrell Reynolds and John LeCompte came to her office to record a change in property ownership as it affected crop quotas. She testified to the effect that her office records of this "farm reconstitution date" indicated that the parties intended the Alto McIntosh Road to be the line between them.
Finding that conflicting evidence was presented on the determinative issue of which boundary was intended by the parties, we hold that the trial court erred in granting the Reynoldses' motion for judgment notwithstanding the verdict. As the controlling principles were stated in Hanson v. Couch,360 So.2d 942, 944 (Ala. 1978):
 When reviewing the propriety of a trial court's order granting a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party who secured the jury verdict. Spurlin v. General Motors Corp., 528 F.2d 612 (5th Cir. 1976); White v. Packer, 345 So.2d 312
(Ala.Civ.App. 1977). See Justice Maddox's dissent in Bethune v. City of Mountain Brook, 336 So.2d 148, at p. 151 (Ala. 1976). Such motion should be denied if there is any conflict in the evidence for the jury to resolve and the existence of such conflict is to be determined by the scintilla rule. White v. Packer, supra; McLarty v. Wright, 56 Ala. App. 346, 321 So.2d 687 (1975). [Emphasis added.]
On the other hand, the trial court did properly grant the Reynoldses' motion for new trial. Quoting Hubbard Bros.Construction Co., Inc. v. C.F. Halstead Contractor, Inc.,294 Ala. 688, 321 So.2d 169 (1975), this Court recently summarized the rules governing appellate review of rulings on motion for new trial, viz.:
 1. Granting or denying a new trial motion is a matter resting largely in the discretion of the trial judge and exercising it carries a presumption of correctness. *Page 692 
 2. When the trial court grants a new trial motion, without specifying the grounds therefor, the ruling must be sustained on appeal if any good ground is presented by the motion.
 3. When the trial court grants a new trial, without specifying the grounds therefor, and one of the grounds is that the verdict is contrary to the evidence, the appellate court presumes that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence or the verdict was unjust in the light of the evidence.
 4. In such circumstances as 3, the appellate court will not reverse the order granting a new trial unless it appears that the great weight of the evidence plainly and palpably shows the trial court was in error.
 5. In such circumstances as 3, and where the evidence is in conflict and when, upon review thereof, the appellate court cannot say that the great weight of the evidence plainly and palpably supports the jury's verdict or it is not convinced that the evidence plainly and palpably shows the trial court to be in error, then the order granting a new trial should not be disturbed.
Little v. Pate, 388 So.2d 941, 942 (Ala. 1980).
We cannot find from the facts that the trial court abused its discretion in granting, in the alternative, the Reynoldses' motion for new trial. Considering the conflict in evidence over the determinative issue of which boundary line the parties intended, we are not convinced that the evidence plainly and palpably shows the trial court to be in error. Though the trial court erred in granting the motion for judgment notwithstanding the verdict, the alternative judgment granting a new trial is due to be affirmed.
REVERSED IN PART, AFFIRMED IN PART.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[EDITORS' NOTE: APPENDIX I IS ELECTRONICALLY NON-TRANSFERRABLE.]