This is a negligence case.
The plaintiff, Mattie Bennett, fell outside of Cole's Big Star grocery store. She sued the defendants, Cole's Big Star, and its owner, W.C. Cole, seeking damages for personal injuries she received as a result of the fall.
The case was tried before a jury, which returned a verdict for Mrs. Bennett, and awarded her damages in the amount of $10,000. The defendants filed a motion for judgment notwithstanding the verdict, which was granted. Mrs. Bennett then filed this appeal.
Viewing the evidence with the attendant presumptions, the following facts are pertinently revealed. Some four years before Mrs. Bennett's accident, Mr. Cole had some car stops placed in the parking lot outside Cole's Big Star grocery store.
Two of the stops are located near the store's exit door. They are parallel to one another and perpendicular to the sidewalk in front of the store, thus forming a walkway used by exiting customers. The car stops in question are each six feet long and are five feet, four inches apart. Their purpose is to prevent cars from blocking the store's exit way.
Mrs. Bennett testified at trial that she had been trading at Cole's Big Star for a *Page 830 
long time. She said that she had been to the store several times both before and after the concrete stops had been placed in the parking lot.
Mrs. Bennett testified that the stops were in plain view and that she knew they were there. She further testified that the accident occurred in the daytime and that there was nothing to hinder her from seeing the stops.
When Mrs. Bennett left the store on the day of the accident, she was walking between the stops. She looked down and saw the stop to her left. She continued walking and tripped on the inside corner of the stop to her right.
As a result of her fall, Mrs. Bennett sustained a broken arm and was required to wear a cast for six weeks. The injury resulted in a 10% permanent loss of motion in her wrist.
As stated above, the jury returned a verdict for Mrs. Bennett, after which the trial court granted the defendants' motion for judgment notwithstanding the verdict. Mrs. Bennett appeals and we affirm.
The dispositive issue on appeal is whether the trial court erred in granting the defendants' motion for judgment notwithstanding the verdict.
The rule in Alabama has been that a motion for judgment notwithstanding the verdict should be denied if there is any conflict in the evidence for the jury to resolve and that the existence of such conflict is to be determined by the scintilla rule. Hanson v. Couch, Ala., 360 So.2d 942 (1978). The Alabama Supreme Court apparently reaffirmed that rule in the recent case of Groom v. Reynolds, Ala., 396 So.2d 690 (1981).
However, shortly before releasing the Groom decision, the court released its opinion in the case of Harville v. Goza, Ala., 393 So.2d 988 (1981). In Harville, the court opined that when a motion for judgment notwithstanding the verdict is granted, the standard of review is not whether there is a scintilla of evidence to support the verdict; rather, the standard is whether there is sufficient evidence to support the verdict.
Although there appears to be some inconsistency between the rule as set out in Groom and as set out in Harville, this seeming inconsistency does not prevent resolution of the instant appeal. As the discussion below will show, we believe that the trial judge acted in such a way as to comply with either standard.
However, before applying either standard, we must consider the applicable substantive law of negligence.
The parties in the case on appeal concede that Mrs. Bennett was an invitee. Although a landowner generally does owe certain duties to an invitee, he is not an insurer of the invitee's safety. Terrell v. Warehouse Groceries, Ala., 364 So.2d 675
(1978). The invitee assumes all normal or ordinary risks attendant upon the use of the premises. Quillen v. Quillen, Ala., 388 So.2d 985 (1980); Lamson Sessions Bolt Co. v.McCarty, 234 Ala. 60, 173 So. 388 (1937). And the general rule is that an invitor is not liable for injuries to the invitee resulting from a danger which was known to the invitee or which should have been observed by the invitee in the exercise of reasonable care. Quillen, supra; Lamson Sessions Bolt Co.,supra.
Mrs. Bennett, through able counsel, argues on appeal that the trial court erred in granting Mr. Cole's motion for judgment notwithstanding the verdict because the issue regarding her knowledge of the danger was one for the jury. We disagree.
We now turn to a consideration of whether the trial court erred in granting the defendant's motion for judgment notwithstanding the verdict in this case. As noted above, we believe that the trial court acted in such a way as to comply with the standard of review both as set out in Groom and as set out in Harville.
Under the standard as set out in Groom, the question is whether, as determined by the scintilla rule, there is a conflict in the evidence for the jury to resolve regarding Mrs. Bennett's knowledge of the danger. *Page 831 
As stated above, the evidence shows that Mrs. Bennett had been to Cole's Big Star both before and after the car stops had been placed in the parking lot. She testified that the car stops or "logs," as she called them, were clearly visible. In fact, on the day of her accident, Mrs. Bennett saw the car stops and knew they were there.
Mrs. Bennett's testimony indicates that she was also aware of the danger presented by the "logs" or car stops. Mrs. Bennett stated that when she left the store she was walking behind a grocery boy. She testified that, after leaving the store, "I looked down and I seen the log, the left log, right at the edge and I started toward the grocery boy."
Mrs. Bennett was later asked whether she was looking at the car stop when she fell. She replied, "I was looking at the log, because I seen that one on the left and I thought I was far enough over, I would hit it."
While the testimony quoted above may not be a paragon of clarity, it does indicate that Mrs. Bennett was aware of the danger. In fact, she apparently was attempting, although unsuccessfully, to avoid that danger.
We also note that there is nothing in the record to indicate that Mrs. Bennett was not aware of the danger posed by the car stops.
With the above in mind, we find that there is no conflict in the evidence regarding Mrs. Bennett's knowledge of the danger presented by the car stops. As a consequence, the trial judge did not err in granting the defendants' motion for judgment notwithstanding the verdict under the rule as set out in Groom.
Under the rule as set out in Harville, supra, the issue is whether the evidence is sufficient to support the jury verdict.
As stated above, the evidence indicates that Mrs. Bennett was aware of the danger. Since a landowner is not liable for an invitee's injury resulting from a danger known by the invitee,Quillen, supra, the evidence clearly is insufficient to support the jury verdict in this case. We therefore find that the trial judge did not err in granting the defendants' motion under the rule as set out in Harville.
We note that Mrs. Bennett also argues on appeal that Mr. Cole owed her a duty to warn her of the danger presented by the car stops. It is true that a landowner or occupant has a duty to warn his invitees about dangers of which the owner knows or ought to know and of which the invitee is ignorant. Terrell v.Warehouse Groceries, supra. However, as stated above, Mrs. Bennett had knowledge of the danger in the case on appeal. It follows that, in the instant case, Mr. Cole had no duty to warn Mrs. Bennett.
We would further note that, as stated above, the landowner is not an insurer of the invitee's safety, Terrell, supra, and the invitee assumes all normal or ordinary risks attendant upon the use of the premises. Quillen, supra; Lamson, supra. In the instant case, the trial court could have reasonably concluded that the danger presented by the car stops was a normal or ordinary risk attendant upon the use of the store premises. Stated differently, there is no evidence indicating that the car stops were materially different from those used in other parking lots; that their use was in any way unusual; or that the danger they presented was in any way different than that presented by standard sidewalk curbing.
The "logs" were placed in front of the entrance and exit ways of the store to prevent customers from parking directly in front of the doors and blocking others' walkway. The evidence below shows that they were in plain view and were clearly visible. They are about five feet, four inches apart, which provides plenty of room for customers to walk between them.
With the above in mind, we believe that the case on appeal comes within the rules as stated in Quillen, supra, and Lamson,supra, that an invitee assumes all normal or ordinary risks attendant upon the use of the premises and that an invitor is not liable for *Page 832 
injuries to an invitee resulting from a danger which was knownto the invitee or which should have been observed by the invitee in the exercise of reasonable care.
The action of the trial judge is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.