We granted the petition for certiorari in this case on the following issues:
1. Is there a conflict in this court's decision in Hanson v.Couch, 360 So.2d 942 (Ala. 1978), and Groom v. Reynolds,396 So.2d 690 (Ala. 1981), as compared with the decision inHarville v. Goza, 393 So.2d 988 (Ala. 1981)? If so, what is the proper standard to be used in deciding a motion for judgment notwithstanding the verdict? *Page 833 
2. Did the trial court and the Court of Civil Appeals err in the allowance of a judgment notwithstanding the verdict in this case?
We find that there is a conflict involved in the decisions of the above-mentioned cases, and we set out the correct standard for deciding a motion for JNOV in the following opinion.
As to the second issue, we find no error in the allowance by the trial court and the Court of Civil Appeals of a JNOV in this case, and affirm.
We discuss these two issues separately for the sake of clarity.
 I
Rule 50 (e), Alabama Rules of Civil Procedure, states: "The court may direct a verdict, . . . or enter judgment notwithstanding the verdict under this rule . . . in accordance with the scintilla evidence rule." Rule 50 (e), ARCP. This rule, directing that the scintilla evidence rule shall be the standard in deciding whether to grant either a motion for a directed verdict or a motion for judgment notwithstanding the verdict, has been employed consistently in a number of cases in Alabama since the Rules of Civil Procedure were adopted. InGreat Atlantic and Pacific Tea Company, Inc. v. Sealy,374 So.2d 877 (Ala. 1979), this court made it clear that both motions were to be judged by the same standard, stating: "[A] post-trial motion for J.N.O.V. is really just a renewal of a party's motion for directed verdict, and the J.N.O.V. motion cannot be granted unless the motion for directed verdict should have been granted." 374 So.2d at 881. See also Wilson v.Draper, 406 So.2d 429 (Ala.Civ.App. 1981). In Inglish v. UnitedServices General Life Co., 394 So.2d 960 (Ala.Civ.App. 1980), cert. denied Ex parte Inglish, 394 So.2d 967 (Ala. 1981), the court said: "[A] motion for a directed verdict or a judgment notwithstanding the verdict may be properly denied where at least a scintilla of evidence presented in a case is in conflict with other evidence in the case with regard to at least one material issue. . . ." 394 So.2d at 964. See alsoWhite v. Packer, 345 So.2d 312 (Ala.Civ.App. 1977); McLarty v.Wright, 56 Ala. App. 346, 321 So.2d 687 (Ala.Civ.App. 1975);Gordon v. Old Republic Life Insurance Co., 354 So.2d 13
(Ala.Civ.App. 1977), cert. denied Ex parte Gordon, 354 So.2d 15
(Ala. 1978).
Hanson v. Couch, 360 So.2d 942 (Ala. 1978), is in accord with this line of cases. In Hanson, it is stated:
 When reviewing the propriety of a trial court's order granting a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party who secured the jury verdict. Spurlin v. General Motors Corp., 528 F.2d 612 (5th Cir. 1976); White v. Packer, 345 So.2d 312
(Ala.Civ.App. 1977). See Justice Maddox's dissent in Bethune v. City of Mountain Brook, 336 So.2d 148, at p. 151 (Ala. 1976). Such motion should be denied if there is any conflict in the evidence for the jury to resolve and the existence of such conflict is to be determined by the scintilla rule. White v. Packer, supra; McLarty v. Wright, 56 Ala. App. 346, 321 So.2d 687 (1975).
Hanson, 360 So.2d at 944.
Our decision in Groom v. Reynolds, 396 So.2d 690 (Ala. 1981), was likewise in accord with the previously cited cases on this point. In Groom, "[f]inding that conflicting evidence was presented on the determinative issue of which boundary was intended by the parties," we reversed the lower court's order granting a motion for judgment notwithstanding the verdict, and cited the above-quoted passage from Hanson. (Groom, 396 So.2d at 691).
In spite of the general reliance on Rule 50 (e), ARCP, there has been a certain amount of confusion over the "actual" standard that the court was using for granting a JNOV. This confusion seems to have been brought on by a discussion in some cases of the "sufficiency of the evidence to support a jury verdict." (See, e.g., Great Atlantic and Pacific Tea Company,Inc. v. Sealy, 374 So.2d 877 [Ala. 1979].) Some have concluded from this, that, in order to *Page 834 
defeat a motion for JNOV, there must be more than a scintilla of evidence. However, in studying the cases on this point, including Great Atlantic and Pacific Tea Company, we must conclude that it is the law in Alabama that the same standard applies to both a motion for a directed verdict and a motion for JNOV, and that a scintilla of evidence is sufficient to defeat either motion. The language in Harville v. Goza,393 So.2d 988 (Ala. 1981), stating that "we have two standards of review, one for motions for directed verdict, the other for motions for JNOV," (Harville, 393 So.2d at 989), does not correctly state the law in Alabama and should not be followed.[1]
 II
The facts of the present case are as follows. Plaintiff Mattie Bennett (Mrs. Bennett) brought suit against defendants W.C. Cole and W.C. Cole d/b/a Cole's Big Star (Cole) for injuries she received when she tripped over one of two concrete "car stops" at the exit of Cole's grocery store. The stops are parallel to one another and perpendicular to the sidewalk. They form the boundaries of a walkway for exiting customers and serve to prevent cars from blocking the store's exit way. The stops are six feet long, and they are placed five feet, four inches apart. The stops had been there for four years prior to the accident, and Mrs. Bennett had shopped there several times, both before and after the stops had been installed. Mrs. Bennett testified that she knew the stops were there, that the accident occurred in daylight without anything obscuring her view of the stops, and that she saw the stops as she was leaving the store. Mrs. Bennett broke her arm when she fell, and incurred a ten percent permanent loss of motion in her wrist. The jury returned a verdict for her and awarded damages of $10,000.00. Cole filed a motion for a judgment notwithstanding the verdict, or, in the alternative, a motion for new trial. The trial court granted the judgment notwithstanding the verdict, and the Court of Civil Appeals affirmed the trial court's decision. Mrs. Bennett then filed her petition for certiorari.
The facts set out above are essentially those recited in the opinion of the Court of Civil Appeals. Counsel for Mrs. Bennett has attempted to put before us certain other facts not contained in that opinion; namely: (1) that Cole had painted the car stops at the entrance to his store bright yellow, while leaving those at the exit their natural concrete color, and (2) that Cole was aware that another customer had tripped over an exit stop a week or two before Mrs. Bennett's accident. However, in reviewing a court of appeals, we are limited to the facts stated in that court's opinion unless the petitioner utilizes Rule 39 (k), Alabama Rules of Appellate Procedure.Stone v. Echols, 351 So.2d 902 (Ala. 1977); Union CampCorporation v. Blackmon, 289 Ala. 635, 270 So.2d 108 (1972). No attempt was made by petitioner's counsel in this case to invoke Rule 39 (k), ARAP. Therefore, we have considered only those facts included in the opinion of the Court of Civil Appeals.
Having determined in our consideration of the first issue that the scintilla rule is the proper standard in deciding whether to grant a motion notwithstanding the verdict, we turn to its application in the case before us.
To apply the test outlined in Hanson, supra, we must view the evidence in the light most favorable to the party who secured the jury verdict.[2] "Such motion should be denied if there is any conflict in the evidence for the jury to resolve. . . ."Hanson, 360 So.2d at 944.
Viewing the evidence in the light most favorable to Mrs. Bennett, we fail to *Page 835 
find a scintilla of conflict or factual dispute in the evidence regarding whether the car stops over which she tripped were an open and obvious danger of which she was or should have been aware. Mrs. Bennett's own testimony as described by the court of Civil Appeals indicates that she was aware of the stops prior to the accident, and that she was attempting to avoid them when she tripped over one while looking at the other. Counsel for Mrs. Bennett argues that the question of open and obvious danger is always one for the jury, but that is not the case, absent conflicting evidence with regard to a material issue. See Inglish v. United Services General Life Co., supra;Progressive Casualty Insurance Co. v. Blythe, 350 So.2d 1062
(Ala.Civ.App. 1977). In this case, where there were no material facts in dispute, the question before the trial court became one of law, and the granting of a motion for judgment notwithstanding the verdict by that court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON and BEATTY, JJ., concur.
EMBRY, J., concurs in the result.
FAULKNER, J., dissents.
SHORES, J., not sitting.
[1] Casey v. Jones, 410 So.2d 5 (Ala. 1981), a case decided by this court after Harville, is in accord with this opinion, and should be followed.
[2] Again we emphasize that this is the same test applicable to a motion for a directed verdict; i.e., whether, under the scintilla rule, the evidence when viewed in the light most favorable to the non-moving party, will support the non-moving party's case or defense.