The defendant/appellant King Mines Resort, Inc. ("King Mines"), challenges the trial court's denial of its motion for a directed verdict, arguing that claims of Malachi Mining 
Minerals, Inc. ("Malachi"), for fraud, assault, and "intentional interference with business operations," separately and severally, were unsupported by the evidence.
At the close of the evidence, King Mines' directed-verdict motion, grounded on "insufficiency of the evidence," was denied; and the trial judge allowed the three challenged claims to go to the jury, along with claims for trespass and conversion, which went unchallenged.[1] The jury returned a general verdict for Malachi and assessed damages of $175,000. The trial court then denied King Mines' post-judgment motion for a judgment notwithstanding the verdict (J.N.O.V.) or, alternatively, for a new trial. King Mines appeals. We affirm.[2]
Standard of Review
 "When a directed verdict is requested, the entire evidence must be viewed in the light most favorable to the opposing party, Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972), and it should be refused where reasonable inferences may be drawn from the evidence unfavorable to the party requesting it or where there is a conflict in any material matter at issue. Baker v. Patterson, 171 Ala. 88, 55 So. 135 (1911). We must allow such reasonable inferences as the jury was free to draw, not merely those inferences which we think more probable. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594 (1967), and cases there cited."
Baker v. Chastain, 389 So.2d 932, 934 (Ala. 1980).
 "The standard of judicial review for testing a motion for directed verdict is identical to that for testing a motion for J.N.O.V. Evidence sufficient to take the case to a jury as against a motion for directed verdict is likewise sufficient to withstand a motion for J.N.O.V. Citing 5A Moore's Federal Practice ¶ 50.07[2], this Court in Hanson v. Couch, 360 So.2d 942, 944 (Ala. 1978), stated:
 " 'A motion for judgment notwithstanding the verdict tests the sufficiency of the evidence in the same way as does the motion for directed verdict at the close of all the evidence. [Rule 50, A.R.Civ.P.], Committee Comments. Granting the motion for judgment notwithstanding the verdict says, without weighing the credibility of the evidence, there can be but one reasonable conclusion from the evidence as to the proper judgment.'
 "A clear statement of the test is found in Herston v. Whitesell, 374 So.2d 267, 270 (Ala. 1979):
 " '[U]nder our system, the jury must be allowed to pass on the evidence if any, no matter how slight, is offered *Page 716 
which, if believed, would support a verdict in favor of the party against whom a directed verdict is sought.' "
Casey v. Jones, 410 So.2d 5, 7 (Ala. 1981). See, also, Ex parteBennett, 426 So.2d 832 (Ala. 1982) (overruling Harville v.Goza, 393 So.2d 988 (Ala. 1981)); and Strickland v. Farm BureauMutual Casualty Insurance Co., 502 So.2d 349, 351 (Ala. 1987).
Because the criteria for testing motions for directed verdict and for J.N.O.V. provide an objective standard, rulings on these motions do not fall within the trial court's discretionary function; thus, if alleged error is properly preserved and presented on appeal, these rulings are subject tode novo review, i.e., a review without any assumption of correctness.
One who, on appellate review, seeks, on the ground of insufficiency of the evidence, the reversal of an adverse judgment and the entry of a judgment in his favor, must meet a two-pronged test: 1) He must ask for a directed verdict at the close of all the evidence, specifying "insufficiency of the evidence" (lack of proof) as a ground; and 2) he mustrenew this motion by way of a timely filed post-judgment motion for J.N.O.V., again specifying the same insufficiency-of-the-evidence ground. See Rule 50, A.R.Civ.P., and Committee Comments; Bains v. Jameson, 507 So.2d 504, 505
(Ala. 1987); and Ritch v. Waldrop, 428 So.2d 1 (Ala. 1982).
The failure to comply with the two-pronged test does not preclude the party from arguing "insufficiency" or that the verdict is against the great weight of the evidence, as a ground for a new trial, either before the trial court on a post-judgment motion for a new trial or before an appellate court on an appeal following an adverse ruling by the trial court. In that event, however, even if the reviewing court finds that the evidence is insufficient to support the judgment, the only relief that can be granted is a new trial, not a J.N.O.V. See Independent Life Accident Insurance Co. v.Parker, 449 So.2d 233, 236 (Ala. 1984).
In a multiple-theory case, if the movant addresses his motion for a directed verdict to the claim as a whole (not specifying the separate theories to which the motion is addressed), the motion is due to be denied unless the evidence is insufficient to support any of the several theories; and if the jury returns a general verdict, the movant's post-judgment motion for J.N.O.V. is due to be denied if any one of the theories is supported by the evidence (i.e., the verdict is referable to the "good" theory). Treadwell Ford, Inc. v. Campbell,485 So.2d 312 (Ala. 1986).
On the other hand, if the directed verdict motion is addressed to one or more of the theories, separately and severally, specifying as a ground that the evidence is insufficient as to each theory so challenged, then the jury's general verdict is due to be sustained on a timely filed post-judgment motion for a J.N.O.V., specifying the same ground, only if each of the challenged theories is supported by the evidence. If one or more of the challenged theories is not
supported by the evidence, the movant is entitled to a J.N.O.V on the unsupported theory or theories and to a new trial on the remaining theories; in this event, the verdict is not referable to the "good" theory. Lawrence v. Lackey, 451 So.2d 278 (Ala. 1984). This is true, of course, because, in a general verdict context, it is impossible to know on which of the multiple theories the jury based its verdict.
Stated another way, if, at the close of the evidence, the movant challenges the sufficiency of the evidence by motion for directed verdict, specifically addressed, separately and severally, to one or more of the theories, and the jury returns a general verdict,[3] the trial court's denial of the motion and its subsequent denial of a post-judgment *Page 717 
motion for J.N.O.V. are sustainable only if each of the challenged theories is supported by the evidence. If any one of the theories fails the "sufficiency" test, the movant is entitled to a J.N.O.V. on the challenged theory and to a new trial on the remaining theories that are supported by the evidence.
As a prerequisite to appellate review of the trial court's denial of a motion for directed verdict, however, the movant must 1) restate the sufficiency-of-the-evidence challenge by way of a timely filed post-judgment motion for J.N.O.V., and 2) present the same issue, based on the same ground, on appeal. The alternative post-judgment motion for a new trial may be based on the ground that the verdict is against the great weight of the evidence; and an adverse ruling is reviewable only if the appellant presents as an issue on appeal whether the trial court erred in denying the motion for a new trial. Rule 28(a)(3), A.R.A.P.; and Stover v. Alabama Farm BureauInsurance Co., 467 So.2d 251, 252 (Ala. 1985).
 Preservation of the Issue
We quote the pertinent language from King Mines' post-judgment motion:
 "1. Defendant requested a directed verdict at the close of the plaintiff's case and a directed verdict was requested by the defendant at the close of the entire case. A directed verdict should have been granted in that the great weight of the evidence was in favor of the defendant. The weight of the evidence included testimony from Mr. Jerry Scharf, Chief Mining Inspector for the State of Alabama, who indicated that there had been no mining activity for more than ninety days at the mine site. His visit was on June 30, 1982. Mr. Scharf's testimony provided clear and undisputed evidence that the written agreement between the parties had been breached. The Alabama Power Company records which were offered into evidence further indicate that electrical power to the mine site was terminated due to nonpayment of power bills by Malachi. These records further support the unmistakable evidence that mining activity had been terminated at the mine site by Malachi. The written agreement between the parties clearly provided that the agreement would terminate if Malachi failed to mine the property for ninety consecutive days and this provision was breached by plaintiff.
 "[Paragraphs 2, 3, and 4 involve adverse rulings relating to admissibility of certain evidence, certain jury instructions, and the amount of the award, none of which rulings is an issue presented on appeal.]
 "5. The jury decision in this case awarding a plaintiff's verdict in the amount of $175,000.00 is a decision by the jury which is contrary to the great weight of evidence in this case. The defendant's position in this case is that the plaintiff breached a written agreement in failing to conduct mining activity for a period of at least ninety days. Plaintiff did not contradict or dispute this portion of the contract and did not dispute that the provision had been violated. The great weight of the evidence in this case, including the testimony of Mr. Jerry Scharf, Chief Mining Inspector, who visited the property, and the testimony of other witnesses, indicates that the plaintiff did breach the written contract. Because the jury decided this case contrary to the great weight of the evidence, a Judgment Notwithstanding the Verdict should be granted in this case, for all of the above reasons.
 "[Paragraph 6 involves an adverse ruling on the admissibility of certain evidence, an issue not presented on appeal.]
 "7. In the alternative, if a Judgment Notwithstanding the Verdict is not granted, defendant moves for a new trial for the reasons cited above."
Paragraphs 1 and 5 confuse grounds for a new trial with grounds for a J.N.O.V. Insufficiency of the evidence is an appropriate ground for a J.N.O.V.; that the verdict is againstthe great weight of the evidence is an appropriate ground for a new trial, not for a J.N.O.V. Here, none of the grounds stated in the post-judgment *Page 718 
motion is an appropriate ground for a J.N. O.V.[4]
This is not to say that form governs over substance. The meremislabeling of the motion would not be fatal. This Court is committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance. Lockhart v. Phenix City Inv. Co., 488 So.2d 1353
(Ala. 1986); and Sexton v. Prisock, 495 So.2d 581 (Ala. 1986). The liberal application of this substance-over-form rule will not permit the Court to review alleged error, however, unless the trial court was given an opportunity to rule on the matter appellant seeks to present on appeal. Green v. Taylor,437 So.2d 1259, 1260 (Ala. 1983).
Given its most liberal construction, King Mines' post-judgment motion is to the effect that it sought a new trial on the ground that the verdict was against the great weight of the evidence. None of the grounds specified in its directed verdict motion was restated in its post-judgment motion. Therefore, the only adverse ruling that survived the denial of the post-judgment motion, and that is now subject to appellate review, is whether the trial court erred in denying the alternative motion for a new trial.
All of King Mines' "issues presented" on appeal argue that the trial court erred in denying King Mines' motion for a directed verdict on the "sufficiency of the evidence" ground. Despite paragraph 7 of King Mines' post-judgment motion, moving for a new trial on the weight-of-the-evidence grounds stated in paragraphs 1 and 5, none of King Mines' issues presented on appeal explicitly raises the question whether the trial court erred in denying King Mines' motion for a new trial. SeeWhite v. Law, 454 So.2d 515, 517 (Ala. 1984).
Nevertheless, because we interpret King Mines' post-judgment motion as a motion for a new trial on the weight-of-the-evidence ground, our substance-over-form rule also requires that we interpret King Mines' issues presented on appeal as implicitly including the issue whether the trial court erred in denying King Mines' new trial motion on the same ground. Stated otherwise, we interpret the issue on appeal requesting the greater relief (a J.N.O.V.) as necessarily embracing a request for the lesser relief (a new trial). In the instant context, this interpretation is not violative of established standards of appellate review, because the weight-of-the-evidence issue here presented is the same issue presented to, and ruled on by, the trial court.
 Decision
As the quoted language from King Mines' post-judgment motion indicates, the central thrust of the weight-of-the-evidence ground relates to King Mines' argument that Malachi breached the terms of a written ease to the effect that "the agreement would terminate if Malachi failed to mine the property for 90 consecutive days." King Mines' recital of the evidence in support of this contention overlooks the testimony of its own corporate officer who testified that Malachi was the third lessee to be victimized by King Mines under such a lease.
We are convinced by our review of the record that the evidence not only justified the trial court's denial of King Mines' motion for directed verdict, but also supported the trial court's denial of the motion for new trial on the ground that the verdict was against the weight of the evidence. SeeJawad v. Granade, 497 So.2d 471 (Ala. 1986).
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, J.J., concur.
[1] Throughout this opinion, the terms "claim" and "theory" are used interchangeably.
[2] Because we interpret the appellant's brief as presenting only the issue whether the trial court erred in denying the motion for a new trial on the weight-of-the-evidence ground, we have included in our discussion of the issue presented only a brief summary of the evidence in support of the verdict.
[3] We note; however, that the long-prevailing practice of using the general jury verdict, as opposed to invoking Rule 49, A.R.Civ.P. (special verdicts), may be substantially altered by the mandate for special verdicts on the issue of damages pursuant to Ala. Acts 1987, Act No. 87-183 (effective June 11, 1987). Apart from the mandate of Act No. 87-183, however, the use of special verdicts pursuant to Rule 49, A.R.Civ.P., may avoid the risk of a verdict that is not referable to a "good" theory of the claim.
[4] We note that the appellant's counsel on appeal did not represent the appellant in the trial of the case. *Page 719