BRADLEY, Presiding Judge.
This appeal results from the termination of a nontenured teacher.
Glenda P. Hanna was hired by the Coosa County Board of Education (the Board) to teach in the county’s public school system. Her contract was for the scholastic year 1984-85.
After teaching at Goodwater High School for two weeks, or ten scholastic days, Hanna was informed by the school’s principal not to return. Mrs. Hanna was paid for the ten days she worked and is now seeking an award of her unpaid salary for the remaining one hundred and seventy days of the school year.
During a jury trial, Mrs. Hanna moved for a directed verdict at the close of all the evidence, and the trial court denied her motion. The case was submitted to the jury and it returned a verdict in favor of the defendant, Board. After entry of judgment Mrs. Hanna appealed to this court without having filed a motion for j.n.o.v. or a motion for new trial within the thirty-day period authorized by Rules 50(b) and 59(b), Alabama Rules of Civil Procedure.
Mrs. Hanna argues here that the trial court erred in denying her motion for directed verdict because the evidence was undisputed and she was entitled to a judgment as a matter of law.
A directed verdict is proper only where there is no scintilla of evidence material to the claim or where there is no disputed issue of fact upon which reasonable men could differ. Osborn v. Johns, 468 So.2d 103 (Ala.1985). The propriety of the grant of a motion for j.n.o.v. is measured by the same review standard as that of a motion for directed verdict, i.e. whether there can be but one reasonable conclusion from the evidence as to a proper judgment.
“Other than objections to admissibility, evidentiary challenges are divided into two separate and distinct categories: 1) sufficiency of the evidence, raised by motions for directed verdict and for J.N. O.V. and measured by the objective ‘scintilla’ rule; and 2) weight and preponderance of the evidence, raised by motion for a new trial and measured by the more subjective ‘palpably wrong, manifestly unjust’ standard.”
Casey v. Jones, 410 So.2d 5 (Ala.1982).
A party who fails to file a motion for j.n.o.v. after having filed a motion for directed verdict waives the right to a review of the evidentiary issue raised by the directed verdict motion. King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714 (Ala.1987). Mrs. Hanna did not file a motion for j.n.o.v. Consequently, she has waived her right to question on appeal the denial of her motion for directed verdict.
Mrs. Hanna argues only the denial of her motion for directed verdict; consequently, we will not concern ourselves with the absence of a motion for new trial and its evidentiary review standard.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs in the result only.
INGRAM, J., recuses himself.