I concur in the main opinion, but I note that it remands the cause for the entry of a judgment in favor of Harvey Martin and David Whitten even though they did not challenge the sufficiency of the evidence by means other than a new-trial motion. In King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714 (Ala. 1987), our Supreme Court held that if insufficiency of the evidence to support a judgment based upon a jury verdict is raised in a new-trial motion instead of in a motion under Rule 50, Ala. R. Civ. P., "the only relief that can be granted is a new trial" in the event of a reversal. 518 So.2d at 716. However, because the judgment in *Page 996 
this case was entered by the trial court after anonjury trial, a new-trial motion will suffice to preserve an evidentiary-sufficiency question for appellate review (regardless of whether findings of fact are made).See New Props., L.L.C. v. Stewart, 905 So.2d 797,801-02 (Ala. 2004). Because there is no requirement in a nonjury setting that corresponds to the requirement prevailing in a jury setting that a party file a dispositive motion as an absolute prerequisite to a sufficiency challenge, KingMines does not require a new trial on remand in this case.