This is an appeal from a judgment entered on a jury verdict awarding $15,000 to Janice Thigpen on claims for fraud and deceit. Cotton States Mutual Insurance Company contends the trial court erred in denying its respective motions for summary judgment, directed verdict and judgment notwithstanding the verdict. We cannot agree.
The single question posed by this appeal is whether Thigpen proffered any evidence, when viewed in its most favorable light, which supports her case. Ex parte Bennett, 426 So.2d 832
(Ala. 1982); Casey v. Jones, 410 So.2d 5 (Ala. 1981).
Section 6-5-101, Code of 1975, articulates the definition of legal fraud in Alabama:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
Regardless whether the representations were made willfully, recklessly or mistakenly, actionable fraud exists upon showing (1) a false representation, (2) concerning a material existing fact, (3) upon which the plaintiff relies, (4) and is damaged as a proximate result. Cecil Crews Chevrolet-Oldsmobile, Inc.v. Williams, 394 So.2d 912, 914 (Ala. 1981); InternationalResorts, Inc. v. Lambert, 350 So.2d 391 (Ala. 1977).
Section 6-5-103, Code of 1975, provides for a right of action in deceit:
 "Willful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be *Page 315 
false, if intended to deceive, is equivalent to a knowledge of the falsehood."
The evidence of record is replete with testimony which, if believed by the jury, supports a claim for actionable fraud or deceit. For example, Thigpen testified that Cotton States' agent, Steve Klepper, told her she could have her automobile repaired at Mac Campbell's Body Shop and Cotton States would pay the repair bill. She further testified that the representation induced her to both authorize repairs as well as to forgo filing a claim for repairs with her own insurance carrier. Klepper conceded on cross-examination that he had no intention of paying the repair bill until Thigpen signed a property damage release. However, Klepper never communicated this intention to Thigpen.
Thigpen further testified that while her car was being repaired, Klepper informed her "I'm not giving you nothing until you settle with me." In fact, Klepper never paid the repair bill. Consequently, Thigpen claimed she was forced to rent a car for this period in order to provide for her transportation needs.
After viewing the evidence of record in a light most favorable to Thigpen, we hold the evidence presented by Thigpen was sufficient to withstand motions for summary judgment, directed verdict and judgment notwithstanding the verdict. See e.g. Cecil Crews Chevrolet-Oldsmobile, Inc. v. Williams, supra.
Accordingly, the trial court properly denied each of Cotton States' respective motions. Ex parte Bennett, 426 So.2d at 834. The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and ADAMS, JJ., concur.