3 So.2d 55
HOUSING AUTHORITY OF PHENIX CITY v. STILLWELL.

4 Div. 187.

Supreme Court of Alabama.

June 19, 1941.

---

[1] Post, p. 420.

Roy L. Smith, J. B. Hicks, and W. R. Belcher, all of Phenix City, for appellant.

J. W. Brassell, of Phenix City, for appellee.

BOULDIN, Justice.

This cause arose from a proceeding by the Housing Authority of the City of Phenix City for the condemnation of many parcels of lands owned by numerous separate parties.

The case of Housing Authority, &c., v. Addie C. Harris, ante, p. 419, 3 So.2d 54, this day decided, arose from the same proceeding.

In the instant case the commissioners reported the just compensation to which Mr. Stillwell was entitled for his lands so taken to be $8,250. Their report in this regard being sustained in the Probate Court, the landowners appealed to the Circuit Court for trial de novo before a jury touching the just compensation to which he was entitled. The jury awarded $15,000. From a judgment following such verdict, the present appeal is prosecuted.

On a trial of this case, the defendant, landowner, offered in evidence, and the court admitted, over the objection of the plaintiff the same exhibits, 1, 2, 3, 4 and 5, considered in the Harris case, supra, namely, the reports of the commis-

sioners touching the just compensation awarded other several landowners for other parcels of property in the area of the city being condemned for the same project.

For the reasons, and upon the authorities, cited in the Harris case, supra, we hold the admission of this evidence was error to reverse in the instant case.

It is argued that the reason of the rule stated in Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859, and followed in Leahy v. State, 214 Ala. 107, 106 So. 599, and Pickens County v. Jordan, 239 Ala. 589, 196 So. 121, is based on the element of compromise to avoid litigation on questions of value where the parties have by negotiation agreed upon a valuation of other and similar properties.

In offering Exhibit No. 1, it was announced that the condemner had offered the owner the sum awarded by the commissioners.

Other evidence discloses negotiations between the condemner and property owners proceeded pending the appraisal by the commissioners, and when agreement was reached, the commissioners reported the values so agreed upon. This brings such valuation within the reason of the rule. Moreover, in Pickens County v. Jordan, supra, the same rule was stated as applicable to valuations reported by the commissioners, and paid by the condemner.

The same, if not stronger reasons, are present in such cases. After commissioners, qualified and sworn according to law, have appraised the property and reported the just compensation found by them, and such finding is made the judgment of the court, the condemner is confronted with the problem of taking an appeal, and litigating de novo the question of value. So, also, the landowner, if displeased with the award. Such a situation is wholly different from a negotiated sale of property by persons at arms length. Inasmuch as the cause must be retried, we deem it proper to restate the rules governing such trials for the guidance of the court and the parties.

In stating the issue to the jury, the trial court said: "The facts, I take it, will show that the Housing Authority in a regularly constituted way, sought to condemn and did condemn for its use certain real estate in the City of Phenix City and that, in pursuance of their rights they appointed their appraisers who went out and appraised the property and made an assessment as to its value which became in law a judg-

ment. Now the owner of that property was not bound by that, he had the right to come to a jury of his country and ask that it fix a fair valuation or say what would be fair and just compensation for the property taken. The issue, as a matter of fact, is, What is fair and just compensation ·for the property which the Housing Authority has taken for its purposes and uses. There is no controversy as to the regularity of the proceedings, and the plaintiff will make out its prima facie case when it shows that the condemnation was done and the assessment made, etc., and the burden will then shift to the defendant."

■ Following this announcement, the plaintiff, condemner, offered that part of the report, and of the file, relating to this particular tract, and rested. Defendant, without objection, then proceeded to present evidence of the values, &c. This proceeding was irregular, leading to issues not ·properly in the case at all.

■ On appeal to the Circuit Court ·for ascertainment of the just compensation to which the property owner is entitled, the trial by jury is de novo. Tit. 19, § 17, Code of 1940. This means what it sàys.

■ Under our constitution (§ 23), requiring that just compensation be first made, before the taking of property ·for public use, the duty is cast on the condemner to have the just compensation ascertained, unless agreed between the parties. He is the actor in such proceedings, the plaintiff on appeal. He should first offer legal evidence, usually the testimony of witnesses, competent to testify as to values. Montgomery So. Railway Co. v. Sayre, 72 Ala. 443.

■ Being a trial de novo, the report of the commissioners made to the Probate Court is not legal evidence, neither is the judgment of the court thereon evidence of just compensation. These should not be permitted to go to the jury as evidence. The jury has the duty to find the just compensation due, regardless of the proceedings below. Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718.

■ In this case, the landowner, who had appealed for trial de novo on the question of values, in course of cross-examination of one of the commissioners, a witness for plaintiff, offered the report as a predicate for further cross-examination of the witness. Held, under the circumstances, plaintiff had no ground for complaint.

■ Such finding. by the commissioners was held not evidence of the just compensation to be awarded by the jury. This grows out of the very nature of a trial de novo. Such is the prevailing rule throughout the country. 2 Lewis Eminent Domain, 3rd Ed., § 669; 2 Nichols on Eminent Domain, 2d Ed., § 431.

■ For stronger reasons the award as to other properties is inadmissible. Lewis on Eminent Domain, supra; Orgel, Valuation Under Eminent Domain, § 152, ·153.

■ The fact that the trial court, without objection by defendant, admitted the report of commissioners in the instant case as prima facie evidence for plaintiff, did not arm the defendant with the right to enter upon a trial of comparative awards touching other and different properties.

■ It is argued such evidence was admissible to show bias of the commissioners, inasmuch as the commissioners were summoned and later examined as witnesses for plaintiff.

Immaterial evidence involving a trial of the issues of value in other cases, opening up a trial of any and all questions touching such other. awards, cannot be admitted to make out a case of bias.

■ Much stress was given to the rental values of improved properties. Defendant and some of his witnesses testified that such rental value determined the market value; rental values turning on the size and number of rooms of tenant houses. As of course, the jury was not bound by such evidence, ignoring the condition of the buildings as to material, durability, state of repairs, &c.

This merely emphasizes the impropriety of going into a collateral inquiry as to the elements properly considered in making awards as to other and different properties; and using such awards as evidence of bias in making their award in this case, or bias as witnesses on the trial of this case.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.