133 So.2d 677

**Gilford D. COTTON**

v.

**William F. HEARON.**

**1 Div. 870.**

Court of Appeals of Alabama.

Sept. 5, 1961.

Rehearing Denied Oct. 17, 1961.

Granade & Granade, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

PRICE, Judge.

The plaintiff recovered a judgment against the defendant in an action for damage to his automobile as result of a collision. Defendant appeals.

The first three assignments of error are as follows:

"1. That the verdict of the said jury is contrary to law.

"2. That the verdict of said jury is contrary to the evidence given on the trial of the said cause in the Circuit Court of Washington County, Alabama.

"3. That the verdict of the jury is contrary to the great weight of the evidence and especially the physical facts shown which evidence and facts were offered on the trial of the said cause in the said Circuit Court on October 3, 1960."

Assignment of error No. 5 reads:

"5. For that under the undisputed evidence offered at the trial of this cause, the Plaintiff (Appellee) discovered the peril of the Appellant in sufficient time to avoid any accident, he testifying that he saw the car of Mr. Cotton moving along slowly near the point of intersection of the two

highways where the accident occurred, in ample time to stop his car, and prevent the said accident."

The remaining assignments of error relate to matters presented by the motion for a new trial. The court's action overruling the motion for a new trial is not alleged as error.

■ The assignments of error are inadequate. They are not predicated on any ruling of the trial court. "Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal." Mulkin v. McDonough Construction Company of Georgia, 266 Ala. 281, 95 So. 2d 921, 922, and cases therein cited.

■ The inadequacy of the assignments of error requires the affirmance of the judgment appealed from. Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294.

The judgment is affirmed.

Affirmed.