240 So.2d 361

**STATE of Alabama**

v.

**Fred DEMPSEY et al.**

l Div. 632.

Supreme Court of Alabama.

Oct. 22, 1970.

Kenneth Cooper, Bay Minette, for appellant.

Chason, Stone & Chason, Bay Minette, for appellees.

McCALL, Justice.

This is an eminent domain proceeding filed by the appellant, State of Alabama, to acquire a right-of-way across a tract of land owned by the appellees for a public road with free access. The commissioners in the probate court made an award to the appellees and an order of condemnation was entered. The State appealed to the circuit court and demanded a trial by jury.

In the circuit court, there was a jury verdict and judgment entered thereon in favor of the landowners. The appellant, the State, filed a motion for a new trial which was overruled. Now, it has appealed from the final judgment and the action of the court overruling its motion for a new trial.

The appellant makes 13 assignment of errors on the record, and of these, it has elected not to argue assignments No. 1, 8, 9, 11 and 13. Consequently, we will not consider these assignments in view of Rule 9, Revised Rules of Practice of the Supreme Court, 261 Ala. XIX, XXII, which states that assignment of errors not substantially argued in brief will be deemed waived and will not be considered by the court. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447; Cook v. Latimer, 279 Ala. 294, 184 So.2d 807; Smith v. Jackson, 277 Ala. 257, 169 So.2d 21; Stevens v. Thompson, 279 Ala. 232, 184 So.2d 140; Hoyt v. Hoyt, 276 Ala. 208, 160 So.2d 492.

Assignment of errors 2, 3 and 4 are as follows:

"2. For that the verdict of the jury is not sustained by the great preponderance of the evidence.

"3. For that the verdict of the jury in its award of $12,000.00 is excessive in amount.

"4. For there is error in the verdict of the jury in that it erred in giving too great amount, to-wit, of $12,000.00, of recovery by the property owner."

■ While the appellant appeals from the final judgment and the judgment overruling its motion for a new trial, there is no assignment of error that the trial court erred in overruling the appellant's motion for a new trial, or an assignment that otherwise could put the trial court in error because of this adverse ruling to the appellant. Therefore the adverse ruling on the motion for a new trial is not before us. The assignment of errors 2, 3 and 4 above set out are not sufficient to present for review the trial court's action on the motion for a new trial. Such assignment of errors are not adequate in that regard and present nothing for this court to review since they do not allege error for failure to grant the motion for a new trial, nor do they allege error *by the trial court* in any respect.

State v. Young, 281 Ala. 349, 202 So.2d 714; Doughty v. City of Fayette, 278 Ala. 121, 176 So.2d 481; King v. Jackson, 264 Ala. 339, 87 So.2d 623. It should be observed that it is essential for assignment of errors to be predicated on adverse rulings of the trial court, and when they are not so predicated, they will not be considered. Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290, National Ass'n for Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677; Andrews v. May, 277 Ala. 248, 168 So.2d 619; Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425; Cotton v. Hearon, 41 Ala.App. 425, 133 So.2d 677.

■ None of the above assignments states that the court erred, nor do they show any way in which the court erred. Roan v. Smith, 272 Ala. 538, 133 So.2d 224. Assignment 4 charges error in the verdict of the jury in that it erred in giving too great an amount of money. This does not charge any erroneous action on the part of the court. In Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 282, 95 So.2d 921, 922, this court said:

"* * * Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. * *"

Assignment 4 predicates error on the part of the jury, not on any adverse ruling of the court which alone stands to be put in error. Assignments 2, 3 and 4 are therefore ineffectual.

■ Appellant's assignment of errors 5, 6 and 7 are all addressed to the action of the trial court in withdrawing, after first admitting in evidence over the appellees' objection, a paper writing or memorandum, prepared by the witness Roderick Stevens. This memorandum contained a list of comparables, used by Stevens, and showed how he arrived at his valuation of the subject property. Before its tender, he had testified to the matters set forth in his memorandum. We find no error in the court's action. Admission of such a memorandum has been held to be a matter within the sound discretion of the trial judge. It

would not have constituted reversible error to have denied its admission in the first instance, Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896, so if, on reflection, the trial judge's better judgment prompted him to reverse his former decision on the question of the instrument's admissibility, that too was an exercise of his sound discretion. We think that since the law gives the trial judge judicial discretion to act in the premises in the first instance, it likewise gives him discretion to act in the second instance, so we hold that it was within the sound discretion of the trial judge to withdraw the exhibit.

The appellant's remaining two assignment of errors, being No. 10 and No. 12, concern us with the refusal of the trial court to give to the jury appellant's requested written charges 4 and 6 which undertake to charge on the measure of damages and compensation to which the property owners are entitled, if any, for the taking of their property.

We think the trial judge substantially and fairly covered the law on the subject of these two charges in his general oral charge, to which no exceptions were taken, wherein he charged the jury as follows:

"* * * The general rule is that the property owner is entitled—or the measurement of his damages is the difference between the fair and reasonable market value of his property just prior to the taking and in this case that was November 7, 1969, and the fair and reasonable market value of that part remaining after the taking, assuming that the road had been completed as it was projected and planned and shown to you by the evidence here. As I say, the difference between the fair and reasonable market value of the property just immediately before the taking and the fair and reasonable market value of the part left immediately after the taking, giving in effect to any enhancement, if you believe from the evidence there was any enhancement, and damages to the part remaining that is the part the landowner is entitled to receive as fair, just and adequate compensation. * * *"

This portion of the court's oral charge is in accordance with the law on the measure of damages as announced in State v. Stoner, 271 Ala. 3, 122 So.2d 115; St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683; McClendon v. State, 278 Ala. 678, 180 So.2d 273; and State v. Walker, 281 Ala. 182, 200 So.2d 482. Therefore there was no error in refusing to give these requested written charges, the matter having been covered in the court's general oral charge. Tit. 7, § 273, Code of Alabama, 1940, and the numerous cases there cited in annotations to note VII; 18A Ala. Digest, Trial, ⟨key⟩260(1) et seq. The judgment of the trial court is affirmed.

Affirmed.

MERRILL, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.