BRADLEY, Presiding Judge.
This appeal results from a dispute over the fair value of condemned property and the trial court’s subsequent granting of a motion for new trial.
Following a two-day trial on the question of the condemned property’s value, the jury returned a verdict in favor of the landowners, Gary and Judith Oliver, in the amount of $7,480 plus interest.
At trial the State of Alabama had maintained that the condemned land’s value plus damages totaled $3,055. The Olivers’ testimony had been that their damages due to the taking were approximately $70,000.
Consequently, the Olivers filed a motion for new trial, alleging that six different grounds mandated that the case be retried. After a hearing on the motion, the trial court granted the Olivers’ request for new trial.
We have examined the trial court’s order and find that it fails to specify which of the enumerated grounds the court felt necessitated its granting of a new trial. We further note that one of the six grounds listed by the Olivers in their new trial motion was that the verdict was “not sustained by the great preponderance of the evidence.”
If one of the grounds listed by a movant in his motion for new trial is that the verdict was against the great preponderance of the evidence and the motion is subsequently granted absent an enumeration by the trial court of the ground therefor, we must assume on review that the motion was granted because the trial court determined the verdict was against the great preponderance of the evidence. Groom v. Reynolds, 396 So.2d 690 (Ala. 1981); Little v. Pate, 388 So.2d 941 (Ala. 1980); Hubbard Brothers Construction Co. v. C.F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169 (1975) (overruled as to standard of review applicable to grants of new trial on preponderance of evidence ground).
The case before us falls squarely within this rule. The Olivers’ motion for new trial listed several grounds for new trial, one being that the verdict was against the great preponderance of the evidence. The trial court granted the Olivers’ motion, but it failed to specify which ground necessitated the new trial.
As a result, we review the granting of the motion as if it were granted on the sole ground that the verdict was against the great preponderance of the evidence. Hubbard, supra.
Our supreme court has recently announced, in Jawad v. Granade, 497 So.2d 471 (Ala.1986), a new standard governing the review of orders granting a new trial on the sole ground that the verdict is against the great weight of the evidence.
This new standard mandates reversal of the trial court’s order granting a new trial *627 based on the sole ground that the verdict is against the great preponderance of the evidence if “it is easily perceivable from the record that the jury verdict is supported by the evidence.” Jawad, supra.
Thus, our analysis is twofold. Applying Hubbard, supra, we must presume the trial court’s order was granted solely on the great preponderance of the evidence ground. As a result of this presumption, Jawad, supra, dictates that the grant of new trial be reversed if “it is easily perceivable from the record that the jury verdict is supported by the evidence.”
Our supreme court apparently anticipated our present situation in Jawad, supra, when it noted:
“It would help this Court if a trial court would specify its reason for granting a new trial in those cases in which the trial court believes that justice demands that a new trial be granted on the weight and preponderance ground.”
The trial court in this case, however, failed to do so. Consequently, we feel compelled to review the granting of the new trial in light of Jawad.
The jury heard evidence for two days on the issue of both the land’s value and damages. The State presented the testimony of a qualified appraiser who calculated that the condemnation award should total $3,055. The Olivers then introduced additional testimony, suggesting that their award should be greater. We believe that the verdict is supported by the evidence. Accordingly, the trial court’s order is reversed and the cause remanded for reinstatement of the jury verdict.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.