We granted this petition for writ of certiorari in a case of first impression in order to review the Court of Civil Appeals' holding, 532 So.2d 625, that if a motion for new trial, based on multiple grounds, is granted, but the reason for granting the motion is not set out, then the reviewing court will assume that the ground was the weight and preponderance ground, if that ground was asserted, and will apply the Jawad standard of review, Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986), to the trial court's decision, and if the weight and preponderance ground is unable to withstand the scrutiny of the Jawad
standard, then the trial court's decision to grant a new trialmust be reversed.
The facts of this case are adequately stated in the Court of Civil Appeals' opinion. That court held that the granting of a motion for new trial must be reviewed on appeal as if it were granted on the sole ground that the verdict was against the great weight and preponderance of the evidence. We do not agree that Jawad so holds.
"[W]hen the trial court grants a motion for new trial, without specifying the grounds therefor, the ruling must be sustained on appeal if any good ground is presented by the motion." Groom v. Reynolds, 396 So.2d 690 (Ala. 1981). Jawad
did not change this rule of review. If all of the specific grounds asserted in support of the motion for new trial fail to justify the trial court's decision to grant a new trial, then, and only then, does the reviewing court treat the motion for new trial as having been granted on the general ground that the verdict was against the great weight and preponderance of the evidence, if that ground was asserted. The standard announced in Jawad, supra, at 477, can be paraphrased as follows:
 "An order granting a motion for new trial where the only viable ground is that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."
The standard announced in Jawad has no application to appellate review of the propriety of a trial court's granting or not granting either a directed verdict or a JNOV. Whether the trial court erred in these two areas is tested by a purely objective determination of whether the party having the burden of proof has produced evidence requiring resolution by the jury. On the other hand, a motion for new trial on the ground that the verdict is against the great weight and preponderance of the evidence is examined for a determination of whether the verdict is palpably wrong or manifestly unjust. Burroughs Corp. v. HallAffiliates, Inc., 423 So.2d 1348 (Ala. 1982); Casey v. Jones,410 So.2d 5 (Ala. 1981).
Once it has been determined that there is evidence to present a factual issue to the jury, and that no ground, other than the weight and preponderance ground, supports the trial court's decision to grant a new trial, the reviewing court must then review all of the evidence in the record, and after reviewing it, if there is any evidence to support the jury's verdict, it must conclude that the verdict is not palpably wrong or manifestly unjust, and the trial court's granting of the motion for new trial must *Page 629 
be reversed. This procedure is to be followed only in cases where the sole viable ground for granting the motion for new trial is that the jury's verdict is against the great weight and preponderance of the evidence.
In the instant case, we do not reach the question of whether the jury's verdict is against the great weight and preponderance of the evidence. It is undisputed that the Olivers filed a motion for new trial alleging six different grounds for a new trial. After a hearing on the motion, the trial court granted the motion for new trial, but failed to state the reason for granting the motion. Upon reviewing the case, the Court of Civil Appeals held that the jury verdict was supported by the evidence, and reversed the order granting of the motion for new trial without reviewing any of the other asserted grounds.
One of the grounds asserted by the Olivers in their motion for new trial was that "the damages awarded are contrary to the great weight of the evidence and less than the uncontradicted evidence presented at trial." In this regard, the following evidence was presented:
The State presented evidence that the total value of the property taken was $3055. This included $2235 for the land, $520 for crushed rock, and $300 for septic tank field lines. The state's witness testified that any other damage would be offset by enhancement due to the new four-lane highway.
The landowner presented uncontroverted evidence that in addition to the items referred to in the State's evidence, certain signs that were being taken had the following values: The primary business sign was worth $2500, the Snapper lawn mower sign was worth $300, and the Ramada Inn sign was worth $2000. Also, the Olivers would receive $380 per year for two years as rental. Consequently, the undisputed values of the signs was $5560, and, when added to the $3055 that the State asserts is the value of other property taken, the minimum value of the landowners' damages was $8615. The jury returned a verdict for $7480.
The jury may have reduced the damages because they thought that a portion of the damages was offset by the enhancement to the remaining property. However, there was no evidence offered for the jury's consideration on enhancement. The conclusory statement by the state's witness that any other damages would be offset by "enhancement due to the new four-lane highway" is not evidence from which the jury may determine an enhancement value. To accept the State's argument in this regard compels the conclusion that the jury must have speculated as to the enhancement value to the remaining property. An award for compensatory damages cannot be based upon mere speculation.Dependable Ins. Co. v. Kirkpatrick, 514 So.2d 804, 807 (Ala. 1987). Consequently, the damages awarded by the jury is contrary to the evidence and is less than the amount shown by the uncontroverted evidence presented at trial. This ground supports the trial court's order granting the motion for new trial.
Based on the foregoing, we hold that the Court of Civil Appeals erred in reversing the trial court's new trial order, which we assume was based on the ground that the damages awarded by the jury were contrary to the evidence and were less than the amount shown by the uncontroverted evidence presented at trial. Therefore, the judgment of the Court of Civil Appeals is due to be reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur. *Page 630