PER CURIAM.
Plaintiff appeals from a judgment based on a directed verdict for the defendants entered at the close of the plaintiffs evidence. We agree with the plaintiff, D & R Coal Company, Inc. (“D & R”), that reasonable inferences from the circumstantial evidence adduced at trial made out a prima facie case on its claim against McPherson Oil Company and Charles McPherson alleging conversion of personal property; thus we reverse and remand for a new trial as to McPherson Oil and Charles McPherson. We agree with the trial judge that the evidence was insufficient to implicate defendant Berry Mining Company (“Berry”) in the alleged wrongful takings. Therefore, we affirm the trial court’s judgment as to Berry.
D & R’s amended complaint claimed damages from the defendants, McPherson Oil, Charles McPherson, and Berry Mountain Mining, alleging that the defendants had taken D & R’s coal from its coal pad in Walker County, Alabama, and transported it to Berry's property in Blount County, Alabama. In reviewing the defendant’s judgment based on the directed verdict, this Court will view the facts in the light most favorable to the plaintiff. Interstate Engineering, Inc. v. Burnette, 474 So.2d 624 (Ala.1985).
Applying this standard, we find that the record discloses the following facts: D & R is in the coal brokering business. In the course of this business, it leased a coal pad at Johnny Cupps’ Coal Yard in Walker County, Alabama, where it stored over 1,000 tons of coal that it had purchased. D & R alleges, and the evidence shows, that Charles McPherson, acting for McPherson Oil, had this coal moved to Berry’s property in Blount County, Alabama. Upon learning of the movement of this coal, D & R contacted both Berry and Charles McPherson to inform them that it claimed title to the coal. According to D & R, both Berry and McPherson then agreed to do nothing further with this coal until the question of ownership was resolved. Notwithstanding this alleged assurance to D & R, the coal was washed, moved to another location, and sold, all at the order of Charles McPherson.
A motion for directed verdict challenging the sufficiency of the evidence will be tested by an objective standard. See Ex parte Oliver, 532 So.2d 627 (Ala.1988), on remand, 532 So.2d 630 (Ala.Civ.App.1988). This Court has often discussed the situations in which a directed verdict may properly be granted under the scintilla rule:[1]
*1023 There are only two situations in which a directed verdict is proper: (1) where there is no scintilla of evidence to support an element essential to the claim or (2) where there is no disputed issue of fact upon which reasonable men could differ. Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 856 (Ala.1981). A directed verdict is appropriate in the second situation only ‘if the facts and inferences point so strongly and overwhelmingly in one party’s favor that reasonable persons could only arrive at one verdict.’ Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir.1981).”
Osborn v. Johns, 468 So.2d 103, 111 (Ala.1985).
In the present case, we conclude that as to Berry the evidence, viewed in the light most favorable to the plaintiff, does not furnish any inference of Berry’s participation in the taking or transfer of the coal in question other than as directed by Charles McPherson, on behalf of McPherson Oil. At most, Berry was acting as an independent coal broker, and its activities relating to the movement, storage, washing, and selling of the coal were all in compliance with instructions from Charles. McPherson, on behalf of McPherson Oil, as purported owner of the coal. Thus, the plaintiff failed to prove a prima facie case against Berry, and Berry’s motion for directed verdict was properly granted. See Timmerman v. Fitts, 514 So.2d 907 (Ala.1987).
On the other hand, the evidence, although mostly circumstantial, was sufficient to raise a jury issue against Charles McPherson and McPherson Oil. There was credible evidence presented at trial that Charles McPherson had had the coal moved, washed, and sold. In fact, to allay Berry’s concerns, Charles McPherson agreed to hold Berry harmless from any lawsuit arising from moving the coal.
Before he directed the verdict in favor of the defendants, the trial judge asked three questions: 1) Who moved the coal? 2) When did they move it? and 3) How much did they move? The trial judge agreed with the appellant that someone had wrongfully moved and sold its coal. However, he concluded that there was no evidence as to who had moved and sold the coal, and he directed verdicts in favor of all the defendants.
We agree with the trial judge that there was some evidence that the coal belonging to D & R was moved and sold without its permission. However, we disagree with his conclusion that there was no evidence presented from which a jury could decide who was responsible for this wrongful taking. We find, after examining the record, that some evidence was presented that Charles McPherson was involved in these wrongful actions, and, therefore, we conclude that the directed verdicts in favor of Charles McPherson and McPherson Oil were improperly granted.
As this Court recently stated:
“Evidence sufficient to defeat a directed verdict motion under the objective test is any evidence, furnished either by direct evidence or by a legitimate inference therefrom, which, if believed, would support a verdict in favor of the party against 'whom a directed verdict is sought.”
Joseph v. Staggs, 519 So.2d 952, 954 (Ala.1988) (citations omitted).
We conclude that there was sufficient evidence to submit the conversion claim against Charles McPherson and McPherson Oil to the jury. Although there was conflicting evidence, the jury, nevertheless, could have found: 1) that D & R bought over 1,000 tons of coal and stored it at Johnny Cupps’ Coal Yard; 2) that this coal was moved, on orders from Charles McPherson, to Berry’s property; 3) that subsequently, D & R informed both McPherson and Berry that it claimed title to this coal; and 4) that the coal was washed and sold to a third party at the direction of McPherson. McPherson’s contention that a third party physically moved the coal is not dispositive of the question “Who moved the coal?” McPherson’s own *1024 testimony was that another coal broker moved the coal at McPherson’s instructions, and that McPherson then directed Berry to wash and sell the same coal.
Because D & R failed to present even a scintilla of evidence to support its case against Berry, that defendant’s directed verdict was proper. Because there was some evidence presented to support D & R’s claim as to Charles McPherson and McPherson Oil, the directed verdicts in their favor were improper.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, HOUSTON and KENNEDY, JJ., concur.

. Because this case was filed prior to June 11, 1987, it is governed by the scintilla rule. See *1023 Ala.Code 1975, § 12-21-12.