PER CURIAM.
This is an appeal from the denial of a motion for new trial.
After their divorce, the appellant executed a deed in favor of her ex-husband, conveying property. The ex-husband subsequently remarried. Shortly, thereafter, he died, and this action was commenced against his new wife in her capacity as executrix of his estate.
Following a trial on the merits, a jury returned a verdict, finding no mutual mistake in the execution of the deed by the appellant in favor of her ex-husband (deceased) so as to warrant its reformation. Additionally, the jury found that no common-law marriage existed between the parties after September 19, 1983. From the trial court’s denial of a motion for new trial, an appeal was taken. We affirm.
Initially, we note that a trial court’s denial of a motion for new trial on the ground that the verdict is against the great weight and preponderance of the evidence will not be reversed unless the verdict is palpably wrong or manifestly unjust. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982). Furthermore, the presumption favoring the correctness of a jury verdict is strengthened by a trial court’s refusal to grant such a motion. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala.1984). If there is any evidence to support the jury’s verdict, this court must conclude that the verdict is not palpably wrong or manifestly unjust. Ex parte Oliver, 532 So.2d 627 (Ala.1988).
After carefully reviewing the record, we find that there was sufficient evidence to support the jury’s verdict and, consequently, the trial court did not err in denying the appellant’s motion for a new trial. With regard to the appellant’s contention that a mutual mistake existed in the execution of a deed by her in favor of the deceased, we find that the introduction into evidence of the deed itself was sufficient to support the jury’s conclusion that there was no such mistake. The deed was signed by both parties subsequent to their divorce and in the presence of the attorney who drafted it. Furthermore, the attorney’s testimony that neither party questioned the legal description of the property contained in the deed supports the jury’s finding that the deed reflected the intent of the parties to make the transfer and that it did not result from a mutual mistake.
The jury’s conclusion that the parties were not common-law man and wife is also supported by the evidence. Various deeds and mortgages that were signed by the deceased after his divorce from the appellant were admitted into evidence. These described him as a “single man,” thus, failing to satisfy the requirement that a man and woman hold themselves out to the community as husband and wife in order for a common-law marriage to exist. There was also conflicting testimony as to whether the parties cohabited during the period in question.
Consequently, it was not error for the jury to find that no such marriage existed subsequent to the parties’ divorce, and, therefore, the trial court’s denial of a motion, for new trial was not palpably wrong *1114 or manifestly unju'st. This case is due to be affirmed.
AFFIRMED.
All the Judges concur.