SHORES, Justice.
The sole issue presented in this appeal by the plaintiff, Richard T. Jackson, d/b/a Jackson Residential Construction Company, is whether the trial court erred to reversal in granting a new trial after the jury returned a verdict of $75,000 against the defendants, Seth E. and Reaby M. McCut-cheon. We affirm the new trial order on the authority of Ex parte Oliver, 532 So.2d 627 (Ala.1988), where we said:
“ ‘[Wjhen the trial court grants a motion for a new trial, without specifying the grounds therefor, the ruling must be sustained on appeal if any good ground is presented by the motion.’ Groom v. Reynolds, 396 So.2d 690 (Ala.1981). Jawad [v. Granade, 497 So.2d 471 (Ala.1986),] did not change this rule of review. If all of the specific grounds asserted in support of the motion for new trial fail to justify the trial court’s decision to grant a new trial, then, and only then, does the reviewing court treat the motion for new trial as having been granted on the general ground that the verdict was against the weight of the evidence, if that ground was asserted. The standard announced in Jawad, supra, at 477, can be paraphrased as follows:
*371 “ ‘An order granting a motion for new trial where the only viable ground is that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.’
“The standard announced in Jawad has no application to appellate review of the propriety of a trial court’s granting or not granting either a directed verdict or a JNOV. Whether the trial court erred in these two areas is tested by a purely objective determination of whether the party having the burden of proof has produced evidence requiring resolution by the jury. On the other hand, a motion for new trial on the ground that the verdict is against the great weight and preponderance of the evidence is examined for a determination of whether the verdict is palpably wrong or manifestly unjust. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982); Casey v. Jones, 410 So.2d 5 (Ala.1981).”
532 So.2d at 628.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.