655 So.2d 948 (1994)
STATE of Alabama
v.
Stephen W. BLACKBURN and Doris M. Blackburn.
1930716.
Supreme Court of Alabama.
December 22, 1994.
Rehearing Denied February 10, 1995.
*949 Grant A. Wright and Benjamin H. Albritton of Almon & McAlister, P.C., Tuscumbia, for appellant.
J.A. Keller of Keller & Pitts, Florence, for appellees.
INGRAM, Justice.
The State of Alabama filed a condemnation action in the Colbert County Probate Court to acquire certain property owned by Stephen W. Blackburn and Doris M. Blackburn. The probate court entered an order of condemnation and determined the value of the condemned property to be $201,000. The State appealed to the circuit court, where a jury returned a verdict setting the value at $127,500. The trial court granted the Blackburns' motion for a new trial, without specifying its reason for doing so; the State's motion to set aside the new trial order was denied. The State appeals.
"When the trial court grants a motion for new trial, without specifying the grounds therefor, the ruling must be sustained on appeal if any good ground is presented by the motion." Groom v. Reynolds, 396 So.2d 690 (Ala.1981). However, if the trial court's order granting a new trial states no specific ground for granting a new trial, and this Court determines that no ground, other than a "great weight and preponderance of the evidence" ground, supports the new trial motion, we must then conclude that the "great weight and preponderance of the evidence" ground was the basis for the order. Where the basis for granting a new trial is that the verdict is against the great weight and preponderance of the evidence, this Court will reverse the trial court's new trial order if it is easily perceivable from the record that the jury verdict is supported by the evidence. In other words, if there is any evidence to support the jury's verdict, this Court must conclude that the verdict is not palpably wrong or manifestly unjust and must reverse the trial court's order granting the motion for a new trial. Jawad v. Granade, 497 So.2d 471 (Ala.1986); Ex parte Oliver, 532 So.2d 627 (Ala.1988); Northeast Alabama Reg. Med. Center v. Robinson, 548 So.2d 439 (Ala.1989).
The Blackburns owned 47 acres of property, with 923 feet of frontage along Alabama Highway 20 in Colbert County. The State condemned .69 acre and built an overpass on that property. The State built a service road on one end of the Blackburns' remaining property, so that their remaining property would have access to the highway.
The State and the Blackburns produced conflicting evidence as to the value of the condemned property. The opinions of the Blackburns' witnesses may be summarized as follows: The Blackburns' property was located in a developing commercial and industrial corridor, which was once an agricultural area. The property's highest use was commercial use, because of the growth of businesses *950 toward that area. Before the construction of the overpass, the property had full access to Highway 20; however, the overpass limited the access to the highway. After the condemnation, the remaining property's sole access to Highway 20 was a 16-foot-wide access road. When it built the overpass, the State tore down a commercial building worth approximately $40,000. The Blackburns' witnesses placed values of $260,000; $316,500; and $317,875 on the condemned property. Mr. Blackburn testified that the value of the property was $370,000.
In contrast, the opinions of the State's witnesses may be summarized as follows: The condemned property was used for residential, light industrial, and agricultural purposes before its condemnation. The property's highest use after the condemnation was residential, light industrial, agricultural, and residential use. One of the State's witnesses stated that the frontage property could be used for commercial purposes; however, others stated that the property has no commercial value. The access road built by the State gave good access to Highway 20, access similar to that available before the taking. There is little demand for the property in that area, which the State's witnesses described as a "very slow growth" area. The State's witnesses estimated the value of the property taken as $121,975; $127,451; and $201,000.
The conflicting evidence presented by the State and the Blackburns created factual issues, and those issues were properly submitted to the jury. Therefore, we must now determine whether any of the grounds raised in the Blackburns' motion for a new trial, other than the "great weight and preponderance of the evidence" ground, supports the trial court's order granting that motion. Ex parte Oliver, supra.
In their motion for a new trial, the Blackburns contended that the trial court had erred in admitting a written appraisal report prepared by one of the State's witnesses, Whit Beasley.
In State v. Dempsey, 286 Ala. 397, 240 So.2d 361 (1970), an eminent domain action, the trial court admitted, then withdrew, a written appraisal memorandum prepared by a witness. This Court held that the admission of the memorandum was a matter within the sound discretion of the trial court. 286 Ala. at 399, 240 So.2d at 363. In the instant case, the trial court did not abuse its discretion in admitting the report, which simply described the manner in which Beasley had evaluated the property's value before, and then following, the condemnation. We hold that the trial court did not err in admitting Beasley's report.
The Blackburns also contended in their motion that the trial court had erred in admitting the testimony of Frank Stone, another witness for the State. Stone had served as a commissioner in the condemnation action in the probate court; in that probate court proceeding he and two other commissioners had assessed the value of the Blackburns' land.
When a condemnation action is appealed from the probate court to the circuit court, the circuit court's trial of that action is de novo. Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 3 So.2d 55 (1941). Therefore, the commissioners' report from the probate court action is not admissible as evidence in the circuit court action. McElroy's Alabama Evidence § 268.13 (4th ed. 1991). Although the commissioners' report is not admissible, the commissioners themselves are competent witnesses in the circuit court action and may testify in that action as to the value of the property that they evaluated for the probate court. State v. Carter, 267 Ala. 347, 101 So.2d 550 (1958). The jury was unaware that Stone had served as a commissioner in the probate court action. The trial court did not err in admitting Stone's testimony, because the jury had no knowledge of the value assessed in the commissioners' report and had no knowledge that Stone had been one of the commissioners who made that report.
The Blackburns further contended in their motion that Luther Thompson, a witness for the State, had diverted the jury's attention away from the testimony of one of their witnesses by making, within the hearing *951 of the jury, "derisive comments" about the testimony.
The rule of sequestration was invoked at the trial, so Thompson was not present in the courtroom before he testified. He did, however, join the State's counsel at their table following his testimony. The Blackburns made no objection at trial concerning Thompson's presence or concerning his actions in the courtroom after his testimony. In Briggs v. Prowell, 215 Ala. 604, 112 So. 197 (1927), this Court held that an objection is not needed when a party to the case engages in misconduct with a juror, if the issue is raised in a new trial motion. However, Thompson was not a party to this action, but instead was only a witness for the State. The proper manner for the Blackburns to raise this issue before the trial court was to make a timely, specific objection. Because the Blackburns failed to do so, they did not preserve that issue at trial and they could not properly raise it in their motion for a new trial. Therefore, Thompson's alleged action is not a valid ground for granting a new trial.
We have reviewed all of the Blackburns' grounds asserted in their motion for a new trial, other than their contention that the verdict was against the great preponderance of the evidence. Having determined that those grounds would not support the new trial order, we must conclude that the "great preponderance of the evidence" ground was the basis for that order. Ex parte Oliver, supra. This ground is the most carefully scrutinized and most rigidly limited ground for a new trial. Wright v. Fountain, 454 So.2d 520 (Ala.1984).
After reviewing the record, we hold that the evidence was sufficient to support the jury's verdict. As stated above, the jury determined the value of the Blackburns' property taken to be $127,500. This amount falls between $121,975, which was the lowest appraisal offered by a witness for the State, and $370,000, which was the highest appraisal, offered by Mr. Blackburn. The jury heard conflicting evidence as to the highest use of the property, as well as conflicting evidence as to the potential growth of businesses toward the property and as to the extent to which the property had lost access to Alabama Highway 20. This Court has stated:
"In condemnation cases there is often... a wide divergence of opinion of witnesses as to values and items of damage. Claims by the property owner are sometimes exaggerated, and on the other hand are frequently minimized by the condemnor, both usually acting in good faith. The jury trying the issue must arrive at its verdict by reconciling the various opinions as best it can, and must analyze the evidence in the light of its common knowledge."
Rountree Farm Co. v. Morgan County, 249 Ala. 472, 476, 31 So.2d 346, 350 (1947). It was the jury's job to consider the conflicting evidence from the State and the Blackburns. Its conclusion was not palpably wrong or manifestly unjust. Because the jury's verdict was not against the great weight and preponderance of the evidence, Ex parte Oliver, supra, the trial court abused its discretion in granting the Blackburns' motion for a new trial. Therefore, we reverse the order granting a new trial and we remand this cause for the trial court to render a judgment on the jury verdict.
REVERSED AND REMANDED.
ALMON, HOUSTON, KENNEDY and COOK, JJ., concur.
MADDOX and SHORES, JJ., dissent.
MADDOX, Justice (dissenting).
In Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala.1991), this Court said:
"The granting or denial of a motion for new trial rests largely within the discretion of the trial court, and the exercise of that discretion carries with it a presumption of correctness that will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error. Moorman Manufacturing Co. v. Coan, 435 So.2d 106 (Ala.Civ.App.1983); Holcombe v. Blackwell, 382 So.2d 566 (Ala.Civ.App. 1980)."
*952 In Johnson v. Hodge, 291 Ala. 142, 143, 279 So.2d 123, 124 (1973), this Court noted "that an appellate court is more reluctant to reverse an order granting a new trial than one denying a new trial."
The State says in its brief that "[i]t is clear... that the verdict of the jury was plainly and palpably supported by the evidence." I cannot agree; I must respectfully dissent.
SHORES, J., concurs.