CRAWLEY, Judge.
In May 1997, Nita Kelly and her husband Neal Kelly sued Lynda H. Es-tabrook, alleging that Estabrook had negligently and/or wantonly' caused her automobile to collide with an automobile driven by Mrs. Kelly. The Kellys requested compensatory damages for Mrs. Kelly’s medical expenses and pain and suffering, and for Mr. Kelly’s loss of consortium. The case proceeded to a jury trial. The jury returned a verdict for Estabrook. The Kellys filed a motion for new trial, which the trial court granted. Estabrook appealed to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
The Kellys argued in their motion for a new trial that the verdict for Esta-brook was not supported by the evidence. Our standard of review is as follows:
‘Where the basis for granting a new trial is that the verdict is against the great weight and preponderance of the evidence, this Court will reverse the trial court’s new trial order if it is easily perceivable from the record that the jury verdict is supported by the evidence. In other words, if there is any evidence to support the jury’s verdict, this Court must conclude that the verdict is not plainly and palpably wrong or manifestly unjust and must reverse the trial court’s order granting the motion for a new trial. Jawad v. Granade, 497 So.2d 471 (Ala.1986); Ex parte Oliver, 532 So.2d 627 (Ala.1988); Northeast Alabama Reg. Med. Center v. Robinson, 548 So.2d 439 (Ala.1989).”
State v. Blackburn, 655 So.2d 948, 949 (Ala.1994).

I. Mrs. Kelly’s Personal-Injury Claim

Estabrook stipulated that she was liable for negligently causing the accident, and she stipulated that Mrs. Kelly had suffered approximately $8,300 in damage *540 or loss proximately caused by her negligence (including damage to her automobile and including her medical expenses). At the beginning of the trial, the court stated that “liability or the responsibility for the accident has been accepted by Mrs. Esta-brook.” The Kellys’ lawyer also stated:
“Ladies and gentlemen, I wanted to mention to you we have agreed, it is called by stipulation, that the amount of damages in this case that was to the automobile of Mrs. Kelly was $3,550. We will have these numbers for you. And the other thing that we agreed, she incurred $4,813 in medical expenses as a result of this accident. That is agreed to by both sides and I failed to mention that.”
Estabrook’s lawyer did not object to these statements regarding the stipulations.
Because Estabrook stipulated to liability (i.e., that she had negligently caused the accident) and stipulated to an amount of damage or loss caused by her negligence, the jury should have returned a verdict for Mrs. Kelly awarding damages in an amount at least sufficient to compensate her for the stipulated damage or loss. Thompson v. Cooper, 551 So.2d 1030 (Ala.1989). Because the jury returned a verdict inconsistent with the stipulated evidence, the court properly granted a new trial as to Mrs. Kelly’s claim.

II. Mr. Kelly’s Loss-of-Consortium Claim

Mr. Kelly testified that before the automobile accident Mrs. Kelly had assisted him with the work on their cattle farm. He testified that after the accident she had not been able to help with any of the farm work and had not been able to perform much of the housekeeping she had done before the accident. Mr. Kelly also testified that he and his wife were not able to be as intimate as they had been before the accident.
On cross-examination, however, Esta-brook’s attorney elicited testimony from Mr. Kelly indicating that many of his wife’s health problems affecting her ability to perform household work did not arise from the automobile accident. The evidence also indicates that Mrs. Kelly had had cancer treatments and that those treatments had affected her ability to assist Mr. Kelly and to be intimate with him, even before the accident. The jury could have reasonably determined that Mr. Kelly’s loss of Mrs. Kelly’s consortium was not caused by the accident, but, rather, was caused by other health problems that had existed before the accident.
Applying the Blackburn standard for reviewing an order granting a new trial, we conclude that the evidence supports the jury’s verdict for Estabrook on Mr. Kelly’s loss-of-consortium claim. Therefore, the trial court erred by granting a new trial on Mr. Kelly’s claim.

III. Conclusion

We affirm the order insofar as it granted a new trial of Mrs. Kelly’s personal-injury claim, but we reverse it insofar as it granted a new trial of Mr. Kelly’s loss-of-consortium claim. The cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.