CRAWLEY, Judge.
In May 1998, Charles D. Terry sued Sharon Blair Bellande, alleging that Bellande had negligently and/or wantonly caused her motor vehicle to collide with his *226 vehicle. He requested compensatory and punitive damages. The case proceeded to a jury trial. The jury returned a verdict for Terry, awarding him $2,500 damages. Terry moved for a new trial, arguing that the jury verdict was inadequate. The trial court granted the motion. Bellande appeals from the order granting a new trial.
Our standard of review is as follows:
“Where the basis for granting a new trial is that the verdict is against the great weight and preponderance of the evidence, this Court will reverse the trial court’s new trial order if it is easily perceivable from the record that the jury verdict is supported by the evidence. In other words, if there is any evidence to support the jury’s verdict, this Court must conclude that the verdict is not plainly and palpably wrong or manifestly unjust and must reverse the trial court’s order granting the motion for a new trial. Jawad v. Granade, 497 So.2d 471 (Ala.1986); Ex parte Oliver, 532 So.2d 627 (Ala.1988); Northeast Alabama Reg. Med. Center v. Robinson, 548 So.2d 439 (Ala.1989).”
State v. Blackburn, 655 So.2d 948, 949 (Ala.1994).
After reviewing the record, we conclude that the trial court properly granted Terry’s new-trial motion. The trial court instructed the jury, without objection, that Bellande had stipulated to her liability and that the parties had stipulated that the amount of medical expenses caused by the accident was approximately $3,200. The jury verdict awarding Terry only $2,500 damages is less than the amount of stipulated damages. The trial court’s judgment setting aside the jury verdict and granting Terry’s new-trial motion is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.