CRAWLEY, Judge.
In July 2000, Joann Price Bean sued Jacob Scott Bailey after the two had been involved in an automobile accident. Bean alleged that negligence or wantonness on the part of Bailey entitled her to recover for compensatory damages for her medical expenses, as well as damages for pain and suffering and mental anguish. Bailey denied all allegations. The jury found in favor of Bean and awarded her $1,675. Thereafter, Bean filed a motion for a new trial. The trial court granted the motion for a new trial, and Bailey appeals from the new-trial order.
Our Supreme Court has written: “Where the basis for granting a new trial is that the verdict is against the great weight and preponderance of the evidence, this Court will reverse the trial court’s new trial order if it is easily perceivable from the record that the jury verdict is supported by the evidence. In other words, if there is any evidence to support the jury’s verdict, this Court must conclude that the verdict is not plainly and palpably wrong or manifestly unjust and must reverse the trial court’s order granting the motion for a new trial. Jawad v. Granade, 497 So.2d 471 (Ala.1986); Ex parte Oliver, 532 So.2d 627 (Ala.1988); Northeast Alabama Reg. Med. Ctr. v. Robinson, 548 So.2d 439 (Ala.1989).”
State v. Blackburn, 655 So.2d 948, 949 (Ala.1994).
“The assessment of damages is a matter within the jury’s discretion. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App.1988). Where liability is established, the assessment must include an amount *1243 at least as high as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering. Id. ‘[I]f there are special or compensatory damages and proof of some “pain and suffering,” then there must be an award in excess of the special damages.’ Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App.1984).”
Posey v. McCray, 594 So.2d 152, 153 (Ala.Civ.App.1992).
The parties stipulated that Bean’s medical bills totaled $1,675.39. Bailey contends that this stipulation was only with respect to the medical costs Bean incurred following the date of the collision and that he was not stipulating that the total cost of the medical expenses resulted from the collision. Regardless of the stipulation, the fact that the jury awarded Bean the exact amount of medical costs leads us to believe that the jury determined that all of the medical costs were directly related to the collision. After reviewing the record, we conclude that the jury awarded only compensation for the medical expenses and that it mistakenly failed to award reasonable compensation for pain and suffering.
Undisputed evidence from Bean, her family, and Dr. Jon E. Lewis is that Bean’s medical costs were a result of the collision. The evidence showed that following the accident she complained of pain in her back and in one of her shoulders. Although Bean admitted she did have some back problems prior to the collision, caused by arthritis, she stated that the pain she was having after the collision was not the same as the pain she had experienced from the arthritis. Bean also stated that she did not receive the same kind of treatment before the accident as she received after the accident.
Dr. Lewis testified by deposition that, in his opinion, her pain and injuries were the proximate result of the collision with Bailey and that her injuries were consistent with the type of collision she was involved in. There was also evidence that Dr. Lewis predicted she would suffer a seven-percent impairment and that she would need to take medication on an intermittent basis throughout her lifetime. Bailey did not call an expert witness to refute this prognosis. The jury is entitled to draw reasonable inferences from the evidence, but the jury is not entitled to ignore undisputed evidence. Morgan v. Allstate Ins. Co., 749 So.2d 462 (Ala.Civ.App.1999).
Based on the above, we conclude that the trial court did not abuse its discretion by granting Bean’s motion for a new trial, based on the jury’s failure to award damages for pain and suffering.
AFFIRMED.
YATES, P.J, and MURDOCK, J., concur.
THOMPSON, J., concurs in the result.
PITTMAN, J., dissents.