MURDOCK, Judge,
dissenting.
After carefully reviewing the record, I conclude that the record contains ample evidence to support the jury’s verdict and that the record in this case will not support a conclusion that that verdict was against the great weight of the evidence.
“ ‘Where the basis for granting a new trial is that the verdict is against the great weight and preponderance of the evidence, this Court will reverse the trial court’s new trial order if it is easily perceivable from the record that the jury verdict is supported by the evidence. In other words, if there is any evidence to support the jury’s verdict, this Court must conclude that the verdict is not palpably wrong or manifestly unjust and must reverse the trial court’s order granting the motion for a new trial. Jawad v. Granade, 497 So.2d 471 (Ala.1986); Ex parte Oliver, 532 So.2d 627 (Ala.1988); Northeast Alabama Reg. Med. Center v. Robinson, 548 So.2d 439 (Ala.1989).’ ”
*833 Bird v. Metropolitan Life Ins. Co., 705 So.2d 363, 365 (Ala.1997) (quoting State v. Blackburn, 655 So.2d 948, 949 (Ala.1994)).
In light of the above-quoted standards, and given the record before us, I am convinced that any error by the trial court in failing to address Pritchett’s motion for a new trial was harmless, see Rule 45, Ala. R.App. P., and I see no need to remand this case for the trial court to rule on Pritchett’s motion for a new trial.